No. 31.—WILLIAM RUSHING, plaintiff in error, *vs.* DANIEL B. RHODES, defendant.

[1.] The right to recover back money paid on a usurious contract, accrues from the *actual* payment, and not the agreement to pay.

Assumpsit, in Marion Superior Court. Tried before Judge ALEXANDER, November Term, 1848.

Daniel B. Rhodes brought suit in the Superior Court of Marion County, returnable to February Term, 1843, to recover back

Rushing vs. Rhodes.

usurious interest previously paid. The defendant pleaded the general issue and the Statute of Limitations.

The plaintiff proved the lending of the money, and the usurious contract.

The plaintiff introduced testimony to show that the note was settled in full, on the second Saturday in March, 1839. There was a credit on the note of $1,400, in January, 1849.

Defendant introduced testimony to show that a settlement, or agreement for a settlement, was made in the early part of January, 1839.

Defendant's counsel requested the Court to charge the Jury, "that if it was agreed, in January, 1839, between Rushing and Rhodes, that Rhodes should then deliver to Rushing a note for $1,400 on Phillis, and should agree to deliver other property, at a subsequent day, in full payment of the note, and if Rhodes did then deliver the $1,400 note to Rushing, and did deliver the other property as agreed, and if Rushing then received said $1,400 note, and the agreement to deliver the other property in full payment absolutely of the note he held, then the said note was thereby paid and extinguished, and the right of action, if any, in this case, arose to Rhodes directly thereafter." Which charge the Court refused to give, but charged the Jury, that the Statute of Limitations began to run only from the date of the actual payment, and not from the date of any previous agreement of the parties in respect to the payment of the usury.

To which charge of the Court, and refusal to charge, defendant, Rushing, by his counsel, excepted, and has assigned error thereon.

H. L. BENNING, for plaintiff in error, cited—

2 *Greenl. on Ev.* §519. *Tarver vs. Rankin*, 3 *Kelly*, 210. *Story on Prom. Notes*, §§406, 408, 438.

B. HILL, for defendant in error, cited—

3 *Kelly*, 261. 1 *Swift's Dig.* 313. 3 *Durn. & East*, 537. *Brown vs. Cheney*, 1 *Kelly*, 409, '10, *and cases there cited.* 3 *Eng. Com. Law*, 332.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] This was an action brought to recover back usurious interest, to which the plea of the Statute of Limitations was interposed; and the only question to be determined is, whether the right of action accrued from the time when the usury was agreed to be paid, or actually paid. We think, most clearly, from the *latter* date, and for this reason: that while the agreement to pay was *executory*, being *void* in law, it might be defeated. The payment of $1,400, made in January, lacked one hundred dollars of discharging the principal or original sum loaned. The holder retained possession of the note, and no part of the usury was paid till March thereafter, until the negro and other articles were delivered in pursuance of the contract made two months previously. Until this property was received, although in fulfilment of the engagement entered into in January, no unlawful interest was paid, and consequently no right of action accrued to the debtor to recover it back.

We think there is no error in the judgment. It is therefore affirmed.