WALTER F. PHILLIPS *et als. vs.* HENRY O. MOSES.

. Cumberland, 1875.—February 22, 1876.

*Payment—application of.*

A creditor, having two demands against his debtor, one of which is lawful, and the other arises out of a transaction forbidden by statute, cannot apply an unappropriated payment to the illegal items without the consent of the debtor.

In the absence of an appropriation by the debtor or with his consent, the law will apply the payment to the demand which it recognizes, and not to that which it prohibits.

The debtor's consent to apply payments to illegal items may be express or inferred from the course of dealing between the parties, his acts or omissions evincive of consent, and all the circumstances of the case; and such consent, once given, cannot be revoked, unless the creditor agrees to it.

ON MOTION.

ASSUMPSIT.

The plaintiffs, September 13, 1873, sued the defendant in the superior court for a balance due on account to date, of $3481.68. The accounts were sent to an auditor, who found due the plaintiffs $2077.04.

There was evidence at the trial afterwards before the jury that the defendant, who was a retail druggist at Bridgton, had been a regular purchaser on open account current from the plaintiffs, who were wholesale druggists at Portland, from 1868 to about the time the suit was commenced; that the amount of such purchases of all kinds was $21,711.28, and included therein were purchases of alcohol and other spirituous liquors to the amount of $6842.26; that payments were from time to time made by the defendant to the plaintiffs without designating specially for what items intended, and were passed by the plaintiffs upon their ledger to the credit of the whole account; that all the payments amounted to $19,616; that near January, 1872, there was a settlement in which the books were balanced to the July previous; that at about the time of the settlement the defendant's store at Bridgton was burned, and new arrangements made, in accordance with which his purchases thereafter for the year 1872 were adjusted and paid, leaving due at the date of the writ, as the plaintiffs claimed, charges for the years

1871 and 1873 to the amount allowed by the auditor, that amount being only the balance after deducting all charges for alcoholic liquors.

The defendant denied the settlement, and testified that the account was continuous and ran all the way from $1200 to $3500; that at the time he was burned out it was about $2400; that he never paid at any particular time more than he thought was due; that he intended to appropriate his payments to the legal part of the account; that he never said he did not intend to pay for the liquors, because he did intend to pay for the whole.

The jury returned a verdict for the defendant, and the plaintiffs filed a motion to set it aside.

*N. Webb* and *C. Hale*, for the plaintiffs, submitted that the defendant himself appropriated the money paid, in payment for the liquors as well as the legal items; that he must have intended his payments for some purpose; that if he did not intend to pay for the spirits as well as other drugs, then he kept his account overpaid a great part of the time, and paid in all nearly $5000 more than was due; that the jury had fallen into a manifest error, whether from prejudice or a misunderstanding of the charge and the effect of the auditor's report and other evidence, was not necessary to consider. The error should be corrected.

*S. C. Strout & H. W. Gage*, for the defendant, contended that as matter of fact he did not appropriate the payments.

BARROWS, J. One who has sold and delivered goods which may be the subject of lawful sale does not forfeit his right to recover the price thereof because he has, concurrently in point of time, made sales to the same party, in violation of law, of other goods, the sale of which is prohibited by statute. He may strike out of his account the illegal items which the law will not aid him to recover, and have judgment for what appears to be legally due. *Towle* v. *Blake*, 38 Maine, 528. *Boyd* v. *Eaton*, 44 Maine, 51. *Monroe* v. *Thomas*, 61 Maine, 582.

The purchaser of goods, the sale of which is prohibited as against public policy, e. g., intoxicating liquors, if he pays for them, has no right of action at common law, (and at present none

by statute in this state,) to recover back the purchase money. *Mudgett* v. *Morton*, 60 Maine, 260.

It is clear, therefore, that he cannot make such payments in any manner available as an offset against a demand for goods lawfully sold; nor when once appropriated with his consent to such illegal items, can he withdraw that consent against the will of his creditor, and claim to have them reckoned as payment for legal purchases. *Plummer* v. *Erskine*, 58 Maine, 59. *Richardson* v. *Woodbury*, 12 Cush., 279. *Treadwell* v. *Moore*, 34 Maine, 112.

The right of the debtor to control the appropriation of a payment at the time of making it is unquestionable, even though he sees fit to appropriate it to a claim arising in violation of law. If he waives his privilege and makes his payment upon his indebtedness generally, without designating its application, his creditor having several lawful demands may appropriate the payment to such of them as will be most beneficial to himself. This is allowed even in cases where some of the demands are not recoverable at law, provided the contracts out of which they arise are not absolutely illegal and prohibited.

There is a well marked distinction in this matter of the right of the appropriation by the creditor between demands growing out of contracts which the law simply declines to enforce, and those which it directly prohibits.

Thus, under a statute which declared that no person should be entitled to maintain an action for or recover any sum of money due on account of spirituous liquors unless such debt shall have been contracted at one time to the amount of twenty shillings or upwards, a creditor of that description was held entitled to appropriate payments made generally on account, to those items, and recover the balance due for other articles. *Philpott* v. *Jones*, 2 Ad. & El., 44.

And a like right of appropriation was held by this court to exist when a part of the sum due the plaintiff was not legally recoverable by reason of the statute of frauds; *Murphy* v. *Webber*, 61 Maine, 478; and where infancy was set up as a bar to the recovery of a portion of the debts; *Thurlow* v. *Gilmore*, 40 Maine, 378.

But the law recognizes no such right of appropriation in the

creditor when one of his demands is positively unlawful. If a person has two demands, one clearly lawful, the other accruing from a transaction forbidden by law, and an unappropriated payment is made to him, the law will afterwards appropriate it to the demand which it acknowledges and not to the demand which it prohibits. *Wright* v. *Laing*, 3 B. & C., 172. *Rohan* v. *Hanson*, 11 Cush., 44. In brief, while the debtor can make an irrevocable appropriation of a payment to illegal claims, the creditor cannot, without the consent, express or implied, of the debtor.

The debtor's consent, once given, cannot be recalled except by mutual agreement. It is not necessary that such consent should be embodied in any set form of words. It may be inferred from acts, circumstances, course of dealing, knowledge of such appropriation by the creditor and tacit consent thereto, as well as by words evincive of an intention to make such appropriation, or of assent to such appropriation already made by the creditor.

The foregoing rules were given to the jury by the presiding judge in a charge to which no exceptions are taken, and the main question for us is, whether the testimony in the case is of such a character as requires us to set aside the verdict for the defendant as being against evidence.

Without rehearsing the facts proved and admitted, or the testimony given, to any extent, it is sufficient to say that in view of the length of time during which these transactions continued, the course of dealing between the parties, the great number of sales, and the frequency, mode and amount of the defendant's payments, and his own statements upon cross-examination, that he never paid at any particular time more than he thought was due, (though his payments were greatly in excess of the legal items,) that at the time he was burned out his account amounted to $2400, and that he never said he did not intend to pay for the liquors because he did intend to pay for the whole, it must be said that the undisputed facts and his own avowals overpower his assertion that he intended to appropriate his payments to the legal part of the accounts so completely, as to lead us to the conclusion that the jury either misapprehended the testimony or the instructions, or were

governed by some bias or prejudice which misled them as to the force and effect of the testimony in the case.

*Motion sustained.*

*New trial granted.*

APPLETON, C. J., WALTON, DANFORTH, VIRGIN and PETERS, JJ., concurred.