## LAUTEN *v.* ROWAN.

A sale of liquor in another state, valid by the law of that state, may be enforced here, although the vendor was an agent of this state, and knew that the vendee, a resident of this state, was not a town agent for the sale of liquor.

A debtor's application of a payment to a particular item of his debt need not be express, but may be inferred from circumstantial evidence of his intention.

Assumpsit, for the balance of an account of liquors. Facts found by a referee. The defendant, a resident of New Hampshire, sent orders for liquors, at different times, to the plaintiff, a resident of Massachusetts. The sales were completed by delivery, at different times, to a common carrier in Massachusetts. The defendant was not a town agent for the sale of spirit; and this was known to the plaintiff, who was a state agent, appointed by the governor of New Hampshire, for selling spirituous liquor to town agents. The plaintiff was licensed to sell liquors in Massachusetts, May 31, 1875; and by the law of that state his sales made before that time were illegal, and those made afterwards were legal. One question is, whether the fact that the plaintiff was a New Hampshire state agent, and knew that the defendant was not a town agent, is a defence. Another question is, of the application of a payment of $89.50. Their usage was for the defendant to pay for liquors when he had obtained the money by selling them. April 29, 1875, the plaintiff sold the defendant liquor amounting to $116.85, and other liquor amounting to $89.50. July 7, 1875, the defendant sent the plaintiff $116.85, which was applied in payment of the item of that amount. August 26, 1875, the defendant sent the plaintiff $89.50, and an order for liquor amounting to $117, with no express direction as to the application of the money; and the plaintiff credited it generally on account. There were other sales, but no other payments, between May 31 and August 26.

*Ray, Drew & Jordan*, for the plaintiff, cited, on the first question, *Butler* v. *Northumberland*, 50 N. H. 33, and argued, on the second question, that the course of dealing showed the intention and contract as to the application of payments.

*Parsons*, for the defendant.

The plaintiff is the servant of the state, though beyond its jurisdiction; and it is contrary to public policy to assist such a servant, by our process, in his work of aiding the violation of our law.

There was no application of the $89.50 to any item by the parties. The defendant's intention to apply it to any particular item is not found by the referee; and the plaintiff was bound to apply it first in payment of valid items. *Richards* v. *Columbia*, 55 N. H. 96, 100.

Doe, C. J. The statute, requiring the appointment of a state agent to furnish town agents with pure liquors, does not withdraw this case from the operation of the common-law principle which authorizes the enforcement here of the contracts that were legal in Massachusetts. Gen. Laws, c. 109. The plaintiff was an agent of the state in a limited and peculiar sense. It does not appear that his making in Massachusetts a sale, valid by the law of that state, was a breach of his fiduciary duty.

If the defendant had not paid any particular part of the account by the remittance of $89.50, but had sent that sum as a general payment on the account, it would have been applied first to items of existing legal indebtedness. *Richards* v. *Columbia*, 55 N. H. 96; *Hall* v. *Clement*, 41 N. H. 166. His appropriation of it need not be express, but may be inferred from circumstantial evidence of his intention. *Caldwell* v. *Wentworth*, 14 N. H. 431, 440; *Carpenter* v. *Goin*, 19 N. H. 479, 482; *Young* v. *Woodward*, 44 N. H. 250, 253; *Bangor B. Corp.* v. *Whiting*, 29 Me. 123; *Treadwell* v. *Moore*, 34 Me. 112; *Phillips* v. *Moses*, 65 Me. 70; *Emery* v. *Tichout*, 13 Vt. 15; *Rohan* v. *Hanson*, 11 Cush. 44, 48; *Richardson* v. *Woodbury*, 12 Cush. 279, 280; *Moorehead* v. *Bank*, 3 Watts & Serg. 550; *Bank* v. *Moorehead*, 5 Watts & Serg. 542; *Tayloe* v. *Sandiford*, 7 Wheat. 13, 20; *Peters* v. *Anderson*, 5 Taunt. 596; *Waters* v. *Tompkins*, 2 C. M. & R. 723; *City D. Co.* v. *McLean*, L. R. 9, C. P. 692; *Chitty* v. *Naish*, 2 Dowl. P. C. 511; *Brazier* v. *Bryant*, 2 Dowl. P. C. 477. It was evidently his understanding that he made the payment in discharge of the item of illegal debt of the same amount; and his payment with that manifest understanding was payment of that item. There is no legal fiction by which his remittance with the intention of paying that item is regarded as a remittance with an intention of paying a different item. The question is not whether, in law, he can be compelled to pay the illegal debt, but whether, in fact, he did pay it. His application of money to the payment of a particular debt is nothing more than his payment of that debt. His payment of the illegal claim was legal. *State* v. *Rand*, 51 N. H. 361. And if it were not, the law would not change it into a payment of some other claim. His lawful purpose of paying that item was irrevocably executed by his delivery of the money, as the plaintiff's purpose of violating the law was irrevocably executed by his delivery of the liquor. He paid the item which he intended to pay.

The indisputable and decisive fact of the defendant's intention is not expressly stated in the referee's report, but conclusive evidence of it is stated; and a report in conflict with that evidence could not stand. The report may be amended by the referee; or if, by reason of accident or mistake, the question of intention was not fully tried, the report may be recommitted for a new trial. Such order as the case requires will be made at the trial term.

*Case discharged.*

ALLEN, J., did not sit: the others concurred.