### E. H. WELLS' v. GEO. AND JOANNA ROBINSON.

### [IN CHANCERY.]

*Usury. Statute of Limitations. Lease and Deed for a Mortgage. Pleading. Special Replication. Equities.*

1. When one conveys his farm by warranty deed to secure a loan of money, and takes back a lease, in perpetuity, agreeing to pay a certain sum annually, tha$^t$ would amount to eight per cent. interest on the loan, and the grantee quit-claims to a third party, who, knowing all the facts and that it was a cover of *usury*, forecloses; in such a case the orator is affected with all the equities existing between the original parties; and the *usury* may be deducted, *in equity*, in ascertaining the amount due.

2. If the orator claims that the usury was paid more than six years before the bringing of the bill, and insists on the STATUTE of LIMITATIONS as a bar, he must plead it, by *special replication* to the answer, or in some way bring it upon the record.

3. If the defendants had allowed the bill to *be taken as confessed*, and had insisted *first* before the master, that the usury should be deducted, the orator, on such accounting, doubtless, might interpose the *statute bar*.

4. Distinction between usury *included in the note or other security*, and usury, *eo nomine*. Both are not affected alike by the Statute of Limitations.—POLAND, Ch. J., in *Davis* v. *Converse et al.*, 35 Vt., 503; nor by a judgment on the original debt. REDFIELD, Ch. J., in *Grow* v. *Albee*, 19 Vt., 540. The one is *payment on*, and *extinguishment of*, the *debt itself*, to the amount paid, and cannot be recovered back, so long as any part of the principal or interest is unpaid; the other may be recovered immediately.

THIS cause was heard at the September Term, 1879, Franklin County. ROYCE, Chancellor, stated and decreed as follows:

The above cause was heard on bill, joint answer of the defendants and proofs. The only evidence used on the hearing was the lease referred to in the bill, and copy of a conveyance from Soule

to the orator dated the 12th day of Feb., A. D. 1879. It is adjudged and ordered that a decree pass for the orator; and in ascertaining the amount of said decree, the master is to estimate the sum due on account of said lease on the 1st day of October, A. D. 1872, at $2,598.37; on which, or the balance, interest is to be added at six per cent., which sum is the amount due on the $3,-391 advanced by said Soule, after deducting the payments which had been made to apply on the sum so advanced, as endorsed on said lease; and all sums paid by the defendants or either of them on said lease since said first day of October, A. D. 1875, in excess of six per cent. per annum are to be applied in part payment of said sum of $2,598.37, as of the dates when such payments were made. It is considered that the Statute of Limitations is a bar to the application of any such payments as were made prior to the date aforesaid; and it is referred to the clerk of this court as special master to ascertain and report the amount due the orator upon such basis. And upon the ascertainment by this court of the amount due to the orator a decree is to pass for him; and unless the defendants pay to the orator or the clerk of this court for his benefit, the sum required by said decree and the costs of this suit, on or before the 20th day of September A. D. 1880, they shall be foreclosed from all right or equity of redemption in and to the premises described in the orator's bill.

The facts sufficiently appear in the opinion of the court.

*Davis & Stevens*, for the orator.

The only ground of defence is, that the usury embraced in the instalments of rent that have been paid should be treated as payments *pro tanto*, at their dates, upon the principal sum. These payments were all made to Soule long before the conveyance by him to the orator, and none were made to the orator; so there was no mutuality between the orator and defendant in respect of these transactions. This brings the case directly within the principle of the adjudged cases in this State. *Ward* v. *Whitney*, 32 Vt. 89; *Churchill* v. *Cole et al.*, 32 Vt. 93; *Davis* v. *Converse et al.*, 35 Vt. 503; *Cady* v. *Goodnow*, 49 Vt. 400; *Lamoille Co. Nat. Bank* v. *Bingham*, 50 Vt. 105.

*Geo. A. Ballard,* for defendants.

No replication or traverse having been filed, the allegations of the answer, are to be taken as true. *Doolittle* v. *Gokin,* 10 Vt. 265 ; *Gates* v. *Adams,* 24 Vt. 71. If the orator recovers at all, he must recover according to the allegations in his bill, without regard to anything set up in the defendant's answer. *Thomas* v. *Warner,* 15 Vt. 110 ; *Barrett* v. *Seargent,* 18 Vt. 365.

The sum of $270 is reserved in the security given ; and hence should be treated as payment, as, and from the time of each payment so made. *Wood* v. *Sharp,* 15 Vt. 115 ; *Grow* v. *Albee,* 19 Vt. 540 ; *Nichols* v. *Bellows,* 22 Vt. 587 ; *Ward* v. *Whitney,* 32 Vt. 89 ; *Churchill et al.* v. *Cole,* 32 Vt. 93 ; *Dodds* v. *Converse,* 35 Vt. 503. As there is no replication or plea of the Statute of Limitation in this case by the orator, that question cannot arise.

The opinion of the court was delivered by

Ross, J.   From the bill, answer and testimony, which was agreed to be received, although the answer is not traversed, it appears that Rensselaer Soule on the 30th day of September, 1862, loaned the defendant, George Robinson, $3,391 ; and to secure the payment of the same, as well as eight per cent. interest thereon, the defendants conveyed to said Soule on that day, by a warranty deed their farm, situated in Georgia and Fairfax, and took back from said Soule a lease thereof, in perpetuity, in which rent was reserved at the rate of eight per cent. on said sum ; and by which the defendant, George Robinson, had the right to have the premises reconveyed to him by deed of quit claim, on repayment of said sum, at the end of any year, with all back rent. The rent reserved has been paid to Oct. 1, 1875, and several payments have been made in reduction of the sum loaned ; all of which have been endorsed upon the lease. Said Soule, by quit-claim deed, conveyed the premises, and all his rights thereto, Feb. 12, 1879, to the orator, who brought this bill to foreclose the defendants' equity in the premises, August 23, 1879. The answer, which is sworn to, states that the orator took the conveyance, with notice of the defendants' rights in the premises, and of the real nature of the transaction between the defendants and said Soule. On

these facts the orator claims, first, that whatever right the defendants might have against said Soule, to have the usury paid by them deducted, in ascertaining the sum due in equity, they have no such right against him ; because he claims the usury paid is an independent claim, which can only be set up by way of offset, or recovered in an independent action against said Soule. The orator, having taken a conveyance of the premises with notice of the real nature of the transaction between the defendants and Rensselaer Soule, is affected with all the equities which existed between the defendants and Soule. They have the same right to have the usury paid considered in ascertaining the sum due in equity, which they would have had, if the bill had been brought by Soule. The orator, secondly, claims that, if he is subject to the same equities in determining the sum due in equity, which Soule would have been, all sums received by Soule in excess of six per cent. interest, more than six years before the date of the bill, are barred by the Statute of Limitations. This view was entertained by the chancellor, and is the principal question litigated. It is to be noticed that the orator has not set up the Statute of Limitations by way of special replication, or otherwise, to the claims of the defendants in their answer, to have all the usury paid said Soule deducted, in ascertaining the sum due in equity. The case stands on bill and answer in this respect. The Statute of Limitations must be pleaded or brought upon the record in some way, both at law and in equity, to be available to a party. If the defendants had allowed the bill to be taken as confessed, and had insisted first, before the master, that the usury paid should be deducted, doubtless the court would allow the orator, in such accounting, to reply that such payments were barred by the Statute of Limitations. This seems to have been done in *Davis* v. *Converse et al.*, 35 Vt. 503 ; but no question seems there to have been made in regard to the necessity of pleading the Statute of Limitations. In the present case, the defendant in his answer sets up the payments of usury commencing Oct. 1, 1863 ; and claims they should all be allowed him, in ascertaining the sum due in equity. Upon this state of pleading the orator proceeded to the accounting, without replication, and asked to be allowed the benefit of the

Wells *v.* Robinson.

Statute of Limitations.   We do not think he was entitled to raise the question on the pleadings.   But on the conceded facts the orator is not entitled to avail himself of the statute in bar of such sums as were received by Soule in excess of legal interest, prior to six years before the bill was brought.   The lease was the only obligation from the defendant, George Robinson, to Soule for the repayment of the $3,391 loaned.   The lease also in terms provides for the payments in excess of legal interest under the cover of rent.   All the payments are endorsed thereon.   The deed, absolute in form, was but a mortgage to secure the repayment of the sum loaned.   The usury entered into, and was provided for, in the security and in the obligation for the repayment of the sum loaned.   Its payment was in terms stipulated for in the very contract creating the loan and the security therefor ; and when paid, it was a payment thereon ; and endorsed as such.   The orator took the lease with the endorsement thereon and with knowledge that the lease provided for the payment of usury, and that it had been paid and endorsed thereon.   This made such payments, in law payments on the debt generally, within the repeated decisions of this court.   These payments of usury were not *outside* the contract, or usury, *eo nomine.*   In *Ward* v. *Sharp*, 15 Vt. 115, REDFIELD, J. says : " Payments, made in pursuance of an usurious contract, to an amount within the debt and interest, are to be regarded as payments, generally, and in a bill to foreclose a mortgage founded on such contract, may be insisted on by way of answer."   In *Grow* v. *Albee*, 19 Vt. 540, the same learned judge says : " If the usury is included in the notes which constitute the basis of the decree, then the defence *must* be made there, or the judgment will conclude the right.   But that is on the ground, that *when the usury is included in the security*, it is not considered as paid, until the entire sum secured is paid, or rather the first payments will go in extinguishment of the sum loaned and the legal interest, and so the judgment upon the security for the last dollar only settles the right to retain the usury."

In *Nichols et al.* v. *Bellows*, 22 Vt. 581, ROYCE, Ch. J., uses this language : " The remaining objection is, that the usury, when received by the defendant, went by operation of law in part pay-

ment of the note for eight hundred dollars, though such application was not contemplated by the parties. And that such will be the effect, where the security on which the payment is made includes both the loan and the stipulated usury, is doubtless well settled. . . . But when separate securities are given for the usury, whether at the time of negotiating the loan or afterwards, and the usury when paid, is applied upon such securities, the debtor is at liberty to treat such a payment as having no connection with the legal demand, and bring his action to recover it back." The principles thus enunciated include the payments of usury in this case, as payments generally upon the legal portion of debt secured by the deed and lease. They were all stipulated for by the terms of the lease, and the land was holden for their payment. It matters not they were denominated rent, rather than payments. Payments of usury that may be recovered back, and for which a cause of action arises to the maker immediately upon being made, are clearly distinguishable from those in this case. The distinction is well taken in *Ward* v. *Whitney*, 32 Vt. 89, in which POLAND, J., says : " These payments were made as payments of usurious interest, *eo nomine*, and not upon the note itself, because no usurious interest was included in the note, but was paid upon a contract *outside* the security for the money." Again, " But the true distinction between the cases as to whether the payment of usurious interest operates as a direct payment upon the note itself is, whether the usurious interest is included in the note itself or is paid upon a contract or agreement outside the note, either in writing or in parol." Again, in *Davis* v. *Converse et al.*, 35 Vt., the same judge says : " It seems now to be settled by repeated decisions that where usury is included in the note or other security, and when paid is endorsed upon the note, it is to be considered as a payment upon the note itself, and no action can be maintained to recover back the usury paid so long as there remains due any part of the principal and lawful interest, but that where the security is only for the principal and legal interest, and the unlawful interest is either put into a separate obligation or rests in a verbal agreement, so that when paid it is not endorsed upon the note, but is paid as usury *eo nomine*, it is other-

wise, and a right of action accrues immediately to sue and recover it back, though the lawful debt is still unpaid." There are no decisions to the contrary. Upon the principles of these decisions the decree of the chancellor must be reversed and the cause remanded, with a mandate to have allowed all the sums paid by the defendant, George Robinson, and endorsed on the lease as payments towards and upon the principal sum of $3,391, as of the date when they were severally made, the orator being allowed only six per cent. interest on the sum loaned.