## ALBANY *v.* ABBOTT.

61  157
71  148

Illegal interest may be recovered back in an action for money had and received, and no special demand is necessary before suit brought.

Selectmen have power to institute such a suit in favor of their town without special authority.

The defence of agency cannot be set up by a lender on usury in discharge of his liability.

Each payment of usury furnishes a cause of action against which the statute of limitations immediately commences to run.

ASSUMPSIT, for money had and received to recover the amount of interest paid by the plaintiff town to the defendant, in excess of the legal rate, on three promissory notes payable to his order. One of the notes, for $1,000, was for money belonging to the defendant's wife, which was loaned by him to the town, and for which a note was taken in his name. She authorized him to take the money and use it for her, and he indorsed the note to her before any interest was paid upon it. He collected the interest as it became due, and made a final settlement of the note with the town authorities in his own name. The interest was paid annually. All of the notes were paid within six years of the commencement of the suit. There was no demand before the bringing of the suit, which was done by direction of the selectmen, and without special authority from the town. The money was loaned upon an agreement that the plaintiffs should pay eight per cent. interest; and such interest was paid voluntarily, and with full knowledge of the agreement. The court at the trial term specially reserved the questions,—(1) Whether, upon the facts stated, the plaintiffs have any right of action; and (2) Whether any, and if so, what portion of their claim is barred by any statute of limitations. The notes were given in 1870.

*F. Weeks* and *S. D. Quarles*, for the plaintiffs.

*J. H. Hobbs*, for the defendant.

BLODGETT, J. It was decided in this state more than sixty years ago that illegal interest might be recovered back in an action for money had and received. *Willie* v. *Green*, 2 N. H. 333. That case has been twice affirmed (*Cross* v. *Bell*, 34 N. H. 82, 86, and *Ossipee* v. *Gafney*, 56 N. H. 354, 355), and its doctrine must be considered as established in this jurisdiction. Neither is it material that the plaintiff's payment of the illegal interest is found to have been voluntary. The law properly regards the lender on usury as the oppressor, and the borrower as the oppressed, and therefore will not treat the payment of usurious interest as a voluntary payment, but rather as made under moral duress, and through the constraint of a contract wrongfully obtained by taking advantage of the necessities of the borrower, and hence affords him relief. Nor, in such case, is proof of a special demand before suit necessary: the bringing of the suit is a sufficient demand. *Cross* v. *Bell, supra; Schroeppel* v. *Corning*, 5 Denio 242.

It is contended by the defendant, however, that the legislation since 1867 has wrought a radical change in respect to the recovery of usury, so that now the statute remedy must be regarded as exclusive; but nothing appears in the revision of that year, by which the oath wager was abolished, or in the amendatory act of 1872, by which the forfeiture became limited to the person

aggrieved, that takes away the common-law remedy to recover back usury in an action for money had and received, and there is no presumption that the legislature so intended.

The defendant also contends that the action is founded on a penal statute, and so was long since barred. The obvious and conclusive answer is, that the action is not so founded either in form or in substance.

But he further contends that the action must be dismissed because it was not authorized by the town. This contention cannot avail him. The office of selectmen being instituted by the legislature, an implied authority is conferred on them to bring all suits, as incident to their office, which the proper and faithful discharge of their duties requires. *Pittstown* v. *Plattsburgh*, 18 Johns. 407; Dillon Mun. Corp. (3d ed.), *s.* 237, *note*. And, aside from this, the statute expressly requires that selectmen "shall manage all the prudential affairs of the town," and act as agents when others are not chosen by the town. Gen. Sts., *c.* 37, *ss.* 2, 4; G. L., *c.* 40, *ss.* 2, 4. The authority of the plaintiffs' selectmen to institute this suit is too clear to be disputed.

The next objection is that the $1000 note belonged to the defendant's wife, and that consequently he cannot be held liable for the usury paid upon it. But the facts disprove the conclusion; for having made and entered into the contract in respect to that note with the plaintiffs in his own name, it is not for him now to object that in making it he acted as the agent of a disclosed or an undisclosed principal, and thus discharge himself from liability. *Chandler* v. *Coe*, 54 N H. 561, 576.

The only remaining question is as to the amount which the plaintiffs are entitled to recover, and this depends upon the inquiry, When, in cases like the present one, does the statute of limitations begin to run? The plaintiffs contend that it is only from the time when the notes were finally paid and taken up, while the defendant contends that it is from the time they were given in pursuance of the usurious agreement between the parties. Both are wrong. Every time the plaintiffs paid the defendant usury, a cause of action accrued (*Breckenridge* v. *Churchill*, 3 J. J. Marsh. 15), against which the statute immediately commenced to run (*Rushing* v. *Rhodes*, 6 Ga. 228, *Davis* v. *Converse*, 35 Vt. 503), and consequently the plaintiffs can only recover the illegal interest actually paid as such within six years next before the commencement of this suit.

*Judgment accordingly.*

All concurred.