PETERBOROUGH SAVINGS BANK *v.* HODGDON.

Payments of usurious interest, being regarded as made under moral duress, are excepted from the ordinary rule that a payment of an illegal claim, with full knowledge of its illegality, is irrevocable; and a payment of usurious interest may be recovered back at any time until barred by the statute of limitations.

The law will not appropriate a payment contrary to the specific application made by the party making it, and interest paid on a note in excess of the legal rate will not be applied in payment of the principal until the party paying it elects and requests to have it so applied.

Until a demand, interest is not recoverable upon usury paid.

In an action on a note by the payee against the maker, payments in excess of the legal rate of interest, made within six years prior to the commencement of the action, may be applied as a payment on the note, as of the date of the writ.

ASSUMPSIT, on a promissory note for $1,300, dated September 15, 1871, signed and payable by the defendant to the plaintiffs or order, on demand, with interest semi-annually at eight per cent. per year, payable on the first days of January and July in each year. Plea, the general issue. The cause was heard by a referee, who reported that there was due upon the note $1,126.38, also the following facts: "In assessing plaintiffs' damages, I have allowed interest at six per cent. semi-annually. From the date of

said note, September 15, 1871, to January 1, 1880, defendant paid interest in advance at the rate of eight per cent. per annum semi-annually. I have reckoned interest upon the amount representing said two per cent. extra from the time when it was paid until July 1, 1880, and then deducted its amount from the face of said note." The payments made are endorsed on the note as interest,—*e. g.*, "January 1, 1872, received $52 interest to July 1, 1872. July 1, 1872, received $52 interest to January 1, 1873." The report was filed May 3, 1882, when the defendant filed a confession of the amount found due by the referee. The plaintiffs moved to reject the confession.

*Ladd & Fletcher*, for the plaintiffs.

*W. & H. Heywood*, for the defendant.

CLARK, J. The payments indorsed on the note were made and received as payments of interest, and neither party intended that any part of the money paid should be applied upon the principal. The interest was paid in advance, although the terms of the note did not require it; and the payment of $52 for each six months' interest shows that it was the understanding of both parties, when the last payment was made, that the principal had not been reduced by the previous payments. Ordinarily a payment of an illegal claim, with full knowledge of its illegality, is irrevocable. *Caldwell* v. *Wentworth*, 14 N. H. 431; *Phillips* v. *Moses*, 65 Me. 70; *Richardson* v. *Woodbury*, 12 Cush. 279. But payments of usurious interest are excepted from the general rule, being regarded as made under duress. *Willie* v. *Green*, 2 N. H. 333; *Cross* v. *Bell*, 34 N. H. 82; *Albany* v. *Abbott*, 61 N. H. 157. Contracts made under duress are not absolutely void, but voidable, and payments of extra interest are valid unless the debtor chooses to revoke them. It is the taking of usurious interest that is prohibited by law, not the payment of it. Sometimes a higher rate of interest than is lawful may be reasonable for the loan. The borrower having voluntarily agreed to pay, may consider himself morally, if not legally, bound by his agreement, and if he chooses he may lawfully fulfil it. The prohibition is imposed upon the lender for the protection of the borrower, and the borrower may waive it.

The defendant having appropriated the payments to the interest, no other application could be made except at his election. The payment of the extra interest being regarded as compulsory, he might have recalled the application made by him at the time of payment, and sued for the penalty within the time limited by statute, in which case he would have recovered three times the illegal interest; or he might have recovered back the money paid as usury in an action for money had and received at any time within six years; or he might have had it applied as a payment

upon the principal;—but until he made his election, the law would not disturb the application made by the parties at the time of payment; and such election must be made within the period of the statute of limitations of six years. It does not appear that any demand was made upon the plaintiffs to apply the excess of the payments above the legal interest upon the principal of the note, or any notice given of the defendant's intention to avoid the application of the payments to the interest alone prior to the commencement of the action. As the defendant now objects to the payment of the illegal interest, the amount paid within six years in excess of six per cent. may be applied as a payment upon the note, as of the date of the writ, in the same manner as if filed in set-off. No interest should be allowed on the usurious payments prior to the date of the writ. Until the defendant elected to make a different appropriation, they are to be treated as voluntary payments of interest. In *Briggs* v. *Sholes*, 14 N. H. 262, 267, *Parker*, C. J., says,—" There is no pretence for deducting anything on account of interest upon usury paid by the party."

The defendant contends that the statute of limitations does not apply, and that, the payments being indorsed on the note, the law applies them, first, to the extinguishment of the legal interest due, and the balance in payment of the principal; and the case of *Wells* v. *Robinson*, 53 Vt. 202, is cited in support of this position. We are not prepared to assent to the proposition that the law will appropriate a payment contrary to the specific application made by the parties. The law of the application of payments is well settled; and the right of a debtor making a payment of money to direct how it shall be appropriated seems to be undoubted. *Bean* v. *Brown*, 54 N. H. 395, 397, and cases cited; *Rohan* v. *Hanson*, 11 Cush. 44, which was an application to the payment of a claim for usurious interest; *Treadwell* v. *Moore*, 34 Me. 112, 115. In this case, *Appleton*, J., says,—"No case can be found where the law by its own vigor has withdrawn a payment deliberately applied to the discharge of a claim, however illegal, and appropriated it in payment of some legal claim existing against the individual making the payment. No such principle, as applicable to the appropriation of payments, is recognized."

The payments indorsed on the note were specifically applied by the defendant to the payment of the interest; and, although by reason of the usury he is not irrevocably bound by the application then made, he still has the legal right if he chooses to insist that the money shall be so applied. The fact that it is optional with the party paying to rescind the application of the payment does not authorize the court to make an appropriation contrary to the intention and understanding of the parties. If, as the defendant contends, the law controls the application of the payments regardless of the intention of the parties in this case, it follows that no usurious interest has been paid or received on the note in suit, and

the defendant could not at any time have maintained an action to recover the penalty given by statute for taking usurious interest. The result of such a doctrine would be to suspend the operation of the statute of limitations in all cases where the usurious payments are indorsed on the note.

*Case discharged.*

SMITH, J., did not sit: the others concurred.