ASHLAND SAVINGS BANK v. BAILEY.

The act of 1889, which provides that interest paid in excess of six per cent. may be recovered back, however long ago such unlawful application was made, does not apply to suits commenced before its passage.

Interest in excess of six per cent. paid by the defendant to the plaintiff on one note, may be filed as a set-off in a suit against him to recover the amount of another note.

WRIT OF ENTRY, to foreclose a mortgage. The only question was the amount of the mortgage debt. The mortgage note was dated July 3, 1880, for $7,000, with interest after six months. Interest was paid on this note at the rate of seven per cent. from its date to January 3, 1888, and from January 3, 1888, to September 3, 1888, at the rate of six per cent. per annum, and indorsed on the note simply as interest paid. The writ was dated April 29, 1889. The amounts paid were understood by the parties to be paid and received as interest.

July 26, 1882, the defendant gave the plaintiffs a note for $2,350. This note was not secured by the mortgage, and had no connection with the mortgage debt. On this note the defendant paid the plaintiffs interest at the rate of six and one half per cent. per annum until July 11, 1887, when the plaintiffs sold and transferred the note to a third person, to whom any payments made since have been made. The payments made by the defendant to the plaintiffs upon this note were understood by the parties to be payments of interest and were indorsed as such, no amounts being named in the indorsements.

The defendant claimed a deduction from the $7,000 note of three times the excess of interest at six per cent. paid upon both notes. If this could not be allowed, he claimed a deduction from the amount of the mortgage note of the whole sum actually paid in excess of the legal rate of interest upon both notes, together with interest upon such excess from the dates payments were made to the date of judgment. The defendant claims a deduction of the excess actually paid and interest on the mortgage note, from that note, by virtue of c. 78, Laws of 1889.

The court denied these claims of the defendant, and allowed a deduction from the amount of the mortgage note of the excess paid beyond the legal rate of interest, on that note alone, during the period of six years preceding the commencement of the action. The defendant excepted.

*Burleigh & Adams*, for the plaintiffs.

*Jewell & Stone* and *J. L. Wilson*, for the defendant.

BINGHAM, J.   The sum of three times the excess of six per cent. interest, the recovery of which was authorized by Gen. Laws, *c.* 232, *s.* 3, is a penalty, and more than one year having elapsed after the last payment of unlawful interest, before the commencement of this action. the right of recovery, if available as a set-off, had become barred by the statute.   G. L., *c.* 266, *s.* 10.

The action was commenced April 29, 1889, before the enactment of *c.* 78, Laws of 1889, and the rights of the parties are to be ascertained under the law as it was at the time the payments of unlawful interest were made.   The defendant, under the law as it then was, could elect, at any time within six years after making such a payment, to make a different application of it, and if not assented to, the law would enable him to enforce it.   He could elect to sue for and recover the excess, or to file it as a set-off in an action by the plaintiffs against him.   *Peterborough Savings Bank* v. *Hodgdon*, 62 N. H. 300; G. L., *c.* 227, *ss.* 7, 8.

The defendant could also revoke the application of the usurious interest paid on the $2,350 note at any time before it was barred by the statute of limitations, and, if not repaid on demand, could sue and recover for it.   After the defendant elected not to have the usury applied in payment of the interest, he had the right to direct its application, and he might insist upon its being applied as part payment on the $7,000 note.

The plaintiffs, July 11, 1887, sold the $2,350 note, and at the time of bringing this suit, in July, 1889, held the interest above six per cent., which they had received within six years before the date of the writ, as so much money to the defendant's use, if he so elected.   The plaintiffs, by selling the note, took from the defendant the right to elect to have the usury applied upon it in part payment of the principal; and no good reason appears why it was not, at the date of the writ, a debt or claim the defendant held against the plaintiffs, which he might set off in the plaintiffs' action against him as well as to bring a suit to recover it.   Interest was properly disallowed on the usury prior to the date of the writ.

The defendant's exception is sustained as to the usury paid on the $2,350 note.   The others are overruled.            ,

ALLEN, J., did not sit: the others concurred.