Hillsborough,
May 4, 1915.

### JOSEPH MOFFIE v. ABRAHAM B. SLAWSBY.

The three-fold penalty for usury is not recoverable in a private action brought by a person aggrieved.

Where the purchaser of a promissory note has notice that it includes a sum agreed to be paid as usurious interest, he stands no better than the original payee and is liable for the amount wrongfully collected.

DEBT, for a penalty under section 2, chapter 203, Public Statutes, with a count in assumpsit for money had and received. Facts found, and case transferred from the May term, 1914, of the superior court, by *Pike*, C. J.

March 8, 1913, the plaintiff borrowed money of one Rotman, doing business under the name of the City Loan Company, and gave a note for $65, payable to the order of said company thirteen weeks after date, in weekly instalments of $5 each. To make up the sum named in the note, $12.50 usurious interest was included. After $28 had been paid, the note was before maturity assigned for value to the defendant, who collected the balance of $37. The defendant probably knew of the defect in the note when he took it.

*John O'Neill*, for the plaintiff.

*Ivory C. Eaton*, for the defendant.

PARSONS, C. J. "The sum of three times the excess of six per cent interest, the recovery of which was authorized by Gen. Laws, *c.* 232, *s.* 3 [P. S., *c.* 203, *s.* 2], is a penalty." *Ashland Savings Bank* v. *Bailey*, 66 N. H. 334, 335. This penalty is imposed for violation of the preceding section, which provides that "in all business transactions where interest is paid or secured, it shall be computed and paid at the rate of six dollars on a hundred dollars for one year, unless a lower rate is expressly stipulated." P. S., *c.* 203, *s.* 1. Chapter 31, Laws of 1899, repealed all statutory provisions whereby the complainant or prosecutor is entitled to the whole or any part of the penalty imposed for the violation of any provisions of the Public Statutes. Hence as a private action for the recovery of a penalty, this suit is not maintainable. *Bartlett* v. *Mansfield*, 76 N. H. 582; *Noyes* v. *Edgerly*, 71 N. H. 500, 503, 505; *State* v. *McConnell*, 70 N. H. 158, 161.

In the ordinary civil case, the issues are decided by a balance of probabilities. *Fuller* v. *Rounceville*, 29 N. H. 554, 563. When the party having the affirmative of the issue has established the probable truth of his contentions, he has met the burden resting upon him. A finding that the defendant probably knew the defect in the note is a finding that the plaintiff, upon whom the burden rested, had satisfied the trier of fact that the defendant knew the fact. No advantage is perceived in the use of the more cumbersome expression. If its use implies some doubt, it also contains the assertion that the doubt is not serious enough to affect the result. Not affecting the result, its suggestion helps no one. Actual knowledge constitutes notice of the defect. Laws 1909, *c.* 123, *s.* 56.

The defendant, taking the note with notice that it called for $12.50 more than was actually due thereon and that the only consideration for so much of the note was an agreement to pay usury, stands no better than the original payee (Laws 1909, *c.* 123, *s.* 58), and is liable for the amount wrongfully collected, although the penalty is no longer recoverable. *Albany* v. *Abbott*, 61 N. H. 157; *Ashland Savings Bank* v. *Bailey*, 66 N. H. 334.

*Judgment for the plaintiff for $12.50.*

All concurred.