William Harvey PORTER, Appellant,

v.

AMERICAN EXPORT LINES, INC.

v.

ATLANTIC & GULF STEVE-
DORES, INC.

No. 16589.

United States Court of Appeals
Third Circuit.

Argued Oct. 31, 1967.

Decided Jan. 4, 1968.

Judith J. Jamison, Freedman, Borow-
sky & Lorry, Philadelphia, Pa. (S. Gerald
Litvin, Philadelphia, Pa., on the brief),
for appellant.

James F. Young, Krusen, Evans &
Byrne, Philadelphia, Pa., for appellee.

Before McLAUGHLIN, KALODNER
and GANEY, Circuit Judges.

## OPINION OF THE COURT

GANEY, Circuit Judge.

In this longshoreman's *in perso-
nam* civil action to recover for injuries
sustained by him while he was assisting
in unloading a cargo vessel in the Port
of Philadelphia, Pennsylvania, the jury
found for the defendant-appellee ship-

owner. The basis for the action was the claimed unseaworthiness of the vessel or the negligent operation of the vessel, or both.[1] At the trial there was conflicting testimony on the main question of fact for the jury to decide whether plaintiff-appellant had been injured by stepping through paper laid on top of crates between which he alleges were open spaces and that he stepped through the paper between the said open spaces and was injured. Plaintiff seeks a new trial on the ground that the trial court's definition of "preponderance of the evidence" placed an excessive burden of proof upon him.

After cautioning the members of the jury that the burden was upon the plaintiff to satisfy them by a fair preponderance of the evidence that the shipowner was negligent or the ship unseaworthy and that such negligence or unseaworthiness caused plaintiff's injury, the trial judge charged them as follows:

*"By a fair preponderance of the evidence is meant that if you hesitate or are doubtful as to whether your verdict should be in favor of the plaintiff, then the plaintiff failed to satisfy you by a fair preponderance of the evidence that his contentions are correct.* To look at it another way, fair preponderance of the evidence means nothing more than the fair weight of the evidence. In other words, you weigh the testimony and the evidence in favor of the plaintiff's contentions, and you also weigh the evidence and testimony against his contentions, and if in your opinion you feel that the fair weight of this evidence leans toward the plaintiff, *on either the negligence claim or the claim of unseaworthiness,* or on both, then he has sustained his burden, and you would then find for the plaintiff; but (if you find from your consideration of all the evidence presented to you that the weight is in fa-

vor of the defendant on both of these claims, or that there is an absolutely equal balance on both of the claims, then you would have necessarily to come to the conclusion that the plaintiff has not established that the shipowner was negligent, or the ship unseaworthy, and you would then render your verdict for the defendant.)" (Emphasis and parenthesis added.)

At sidebar plaintiff's counsel agreed that the trial judge had correctly told the jury about his obligation to produce evidence in support of his claim, but took exception to that part of the charge in which the words "if you hesitate or are doubtful" were used. The trial judge then read to counsel that portion of the charge quoted above appearing in parenthesis and asked him if that would satisfy him and he replied that that is a correct statement of the law. However, the trial judge, in a supplemental charge to the jury, repeated almost verbatim the above quoted excerpt from the charge with one modification: He inserted after the first comma the words: "—that is, if the scales under the weight of the testimony do not go down definitely to one side or the other, or are even or are equally in balance,". No exception was made to this supplemental charge.

Factual determination rests on probability. Virgin Islands Labor Union v. Caribe Construction Co., 343 F.2d 364, 368 (C.A.3, 1965). Depending on the type of case or factual issue involved, courts place upon the litigant having the obligation to produce evidence varying standards as to his burden of proof and to the quality and nature of the evidence which he must present. See Woodby v. Immigration and Naturalization Service, 385 U.S. 276, 87 S.Ct. 483, 17 L.Ed.2d 362 (1966). Neither side disputes the proposition that the burden of proof on the plaintiff at the trial was to persuade the jury by a "fair preponderance of the

---

1. Though jurisdiction of the district court is based on diversity, the rights and liabilities of the parties are to be determined by the maritime law. Pope & Talbot, Inc. v. Hawn, 346 U.S. 406, 409–411, 74 S.Ct. 202, 98 L.Ed. 143 (1953); Kermarec v. Compagnie Generale Transatlantique, 358 U.S. 625, 79 S.Ct. 406, 3 L.Ed.2d 550 (1959).

evidence" in order to have prevailed.[2] That is, he must have induced a belief in the minds of the jury that the facts which he asserted existed were more probably true than false. A charge in this case which would not have informed the jury of this burden would have been deficient and subject to objection on that ground. Similarly, an instruction conveying to the jury an understanding that before plaintiff was entitled to obtain from them a verdict in his favor he must have first engendered in their minds a degree of belief as to the existence of unseaworthiness or negligence, or both, by a more favorable balance of the probabilities than that stated above, would have imposed upon him a heavier burden or persuasion, than the so-called "fair preponderance of the evidence" rule requires, and be assailable for that reason.

Now the expression "fair preponderance of the evidence" does not mean hesitancy or doubtfulness on the part of the jury—or a belief beyond hesitancy or doubtfulness—as to whether a verdict should be in favor of a litigant having the burden of proof. What this court, speaking through Judge Maris, said in Burch v. Reading Co., 240 F.2d 574, 578–579 (C.A.3, 1957), cert. denied 353 U.S. 965, 77 S.Ct. 1049, 1 L.Ed.2d 914 bears repeating here: "The classical statement of the burden of proof in an ordinary civil case * * * is that the facts must be proved by a 'preponderance of the evi-

dence'. But there are obvious difficulties with this metaphorical description of the plaintiff's burden of persuasion. It does not refer directly to the fact finding process itself but merely to the character of the evidence required and even there, is less than clear since it refers only to the 'weight of the evidence. * * * But even so, it has been suggested with much force that the use of this ancient metaphor referring, as it does, to the 'greater weight' of evidence is intrinsically of very limited usefulness in giving to a jury real guidance as to his duty.[3] One cannot weigh evidence as on a scale. Certainly no mechanical device is available to jurors to measure the truthfulness of a witness or the accuracy of his memory.

"Moreover, as we have suggested, the 'preponderance of the evidence' formulation is not directed to the basic procedural problem confronting the jury * *. Certainly they are not required to find the facts to an absolute certainty or even beyond a reasonable doubt, as in a criminal case. * * *

"It would doubtless be more comprehensible to a jury if they were told, as Professor McBaine has suggested in his thoughtful essay on the subject,[4] that the plaintiff's burden is to convince them upon all the evidence before them that the facts asserted by the plaintiff are more probably true than false.[5] This, we

2. See Macartney v. Compagnie Generale Transatlantique, 253 F.2d 529, 532 (C.A. 9, 1958); Chalonec v. Mathiasen's Tanker Industries, 287 F.2d 929, 932 (C.A.3, 1961). This is the measure of the burden in actions under the Jones Act. Chalonec v. Mathiasen's Tanker Industries, supra; Landy v. United States, 101 F.Supp. 486, 489 (E.D.Pa.1951), aff'd per curiam, 197 F.2d 524 (C.A.3, 1952).

3. "5. See Judge Frank's discussion of the subject in Larson v. Jo Ann Cab Corp., 2 Cir., 1954, 209 F.2d 929. See also McBaine, Burden of Proof: Degrees of Belief, 1944, 32 Cal.L.Rev. 242, 247; McCormick on Evidence, 1954, p. 676."

4. "6. McBaine, Burden of Proof: Degrees of Belief, 1944, 32 Cal.L.Rev. 242, 262. And see Morgan, The Law of Evidence,

1941–1945, 59 Harv.L.Rev. 481, 492–493, and McCormick on Evidence, 1954, p. 677."

5. "7. In Beckwith v. Town of Stratford, 1942, 129 Conn. 506, 29 A.2d 775, 776, Chief Justice Maltbie described the standard of proof in a civil case as 'proof which produces "a reasonable belief of the probability of the existence of the material facts."' Likewise, in Moffie v. Slawsby, 1915, 77 N.H. 555, 94 A. 193, Chief Justice Parsons said: 'In the ordinary civil case, the issues are decided by a balance of probabilities * * * When the party having the affirmative of the issue has established the probable truth of his contentions, he has met the burden resting upon him.' And see Northwest States Utilities Co. v. Ashton, 1937, 51 Wyo.

think, is the intended effect of the 'preponderance of the evidence' rule and it would place the emphasis upon the nature of the function which the jurors are being asked to perform and the degree of belief which must be produced in their minds before the plaintiff is entitled to a favorable finding from them."

And as far back as 1909, the Circuit Court of Appeals for the Sixth Circuit held in Toledo, St. L. & W. R. Co. v. Kountz, 168 F. 832, 839, that the instruction "by a preponderance of proof is meant that you are persuaded of the soundness of the claim that plaintiff puts forth more satisfactorily than to the contrary." as not being objectionable. Also see Mathes and DeVitt, Fed. Jury Practice and Instructions § 71.01.

Getting back to the charge, perhaps the trial judge was attempting to explain plaintiff's burden of persuasion to the jury by the reverse approach. That is, he was trying to tell them that if they believed plaintiff's version of what existed or took place to be more probably false than true or if the evidence was such as to have left their minds in a state of equilibrium so that they were unable to decide one way or the other, then plaintiff had not met his burden, and their verdict therefore should be for the defendant. If this were the case, the words used were somewhat less than a full and complete description of the phrase in order to convey the degree of belief which the plaintiff must engender in the jurors minds, that is to determine on the issue before them which testimony is more probably true than false.

In Burch v. Reading Co., supra, 240 F. 2d at p. 578, a footnote indicates that a questionnaire was sent to former jurors by Judge Wanamaker of Akron, Ohio, to answer the query, "What propositions of law were most difficult to understand?", suggesting "(a) Preponderance of evidence; (b) Reasonable doubt; (c) Negligence; and (d) Proximate cause.", and a far greater number answered that the

phrase "preponderance of evidence" was the most difficult. This metaphor, it must be clearly understood, is not, in any wise, self-definitive, is not a complete statement of actual fact and its literal use is oftentimes most misleading, for in its connotation laymen may likewise be drawn to quantitative or numerical values and, accordingly, the necessity for elucidation and clarification. Consequently this portion of the charge was vulnerable to a timely request that it be clarified or the jury be told to disregard it. In response to counsel for plaintiff's objection to a portion of the charge, the trial judge gave the jury supplemental clarifying instructions on the meaning of "preponderance of the evidence." As pointed out previously, counsel made no objection to this supplemental charge.

 We think that, while the trial judge might well have, for its better understanding, discussed the question of probability rather than given added emphasis to the weight of the evidence, in the totality of the charge sufficient meaning of the phrase was conveyed to the jurors which would preclude us, absent any objection and request for such clarification, from declaring it as fundamental error. Consequently plaintiff failed to preserve any objection to this alleged trial error. Clancy v. Brunswick-Balke-Collender Co., 291 F.2d 799, 806 (C.A.3, 1961); New York Life Ins. Co. v. Schlatter, 203 F.2d 184, 188 (C.A.5, 1953). The purpose of Rule 51 of the Federal Rules of Civil Procedure, regarding jury instructions and objections thereto, is to afford the trial judge an opportunity to correct the error in his charge before the jury retires to consider its verdict, and the fact that it is a supplementary instruction is no exception. Macartney v. Compagnie Generale Transatlantique, 253 F.2d 529, 533.

No plain or fundamental error has been shown.

The judgment of the district court will be affirmed.

168, 65 P.2d 235; Mutual Life Ins. Co. of New York v. Springer, 1937, 193 Ark.

990, 104 S.W.2d 195; 20 Am.Jur., Evidence, §§ 1249, 1250."