[S. F. No. 199.   Department Two.—July 23, 1896.]

SAMUEL G. MURPHY, PLAINTIFF, *v.* COLUMBUS WATERHOUSE, APPELLANT.   PACIFIC BANK, INTERVENOR AND RESPONDENT.

EVIDENCE—ATTORNEY AND CLIENT—PRIVILEGED COMMUNICATIONS—NEGOTIATIONS IN ATTORNEY'S PRESENCE.—Where an attorney is acting for both parties in a negotiation, or where two persons are negotiating together in the presence of the attorney of one of them, the communications made in the hearing of both parties are not privileged, but the attorney may be compelled in a suit between the parties to testify as to all that was said and done by them in his presence.

ID.—SUFFICIENCY OF PROOF—ERRONEOUS INSTRUCTION.—In a civil case, it is error to tell the jury that there must be evidence sufficient "to convince their minds" of any fact necessary to be shown by either party, the weight of evidence or preponderance of probability being sufficient to establish a fact in a civil case.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   JOHN HUNT, Judge.

The facts are stated in the opinion of the court.

*Denson & De Haven,* and *M. A. Dorn,* for Appellant.

The court erred in excluding the testimony of witness Dorn. The contract made in his presence was not a confidential communication. (Code Civ. Proc., sec. 1881; *In re Bauer,* 79 Cal. 304, 312, and cases cited; *Britton* v. *Lorenz,* 45 N. Y. 51; *Gallagher* v. *Williamson,* 23 Cal. 331; 83 Am. Dec. 114; *Sparks* v. *Sparks,* 51 Kan. 195; *Coveney* v. *Tannahill,* 1 Hill, 33; 37 Am. Dec. 287; *Hughes* v. *Boone,* 100 N. C. 347; *Gruber* v. *Baker,* 20 Nev. 453; *Haley* v. *Eureka County Bank,* 21 Nev. 127; *Patten* v. *Moor,* 29 N. H. 163; *Appeal of Goodwin etc. Co.,* 117 Pa. St. 514; 2 Am. St. Rep. 696.) Every error is *prima facie* an injury to the party against whom it is made; and the other party must clearly show that no injury could have been done or was done. (*Jackson* v. *Feather River Water Co.,* 14 Cal. 25; *Carpentier* v. *Williamson,* 25 Cal. 167; *Norwood* v. *Kenfield,* 30 Cal. 400; *Rice* v. *Heath,* 39 Cal. 612.) The court erred in admitting in evidence a part of a statement rendered to the bank commissioners, as it did not contradict, nor tend to contradict, the testimony of the witness sought to be impeached. (Code Civ. Proc., sec. 2052.) The court committed prejudicial error in the improper question it asked defendant. (*McMinn* v. *Whelan,* 27 Cal. 319; *State* v. *Ah Tong,* 7 Nev. 152; *State* v. *Dick,* 2 Winst. 47; 86 Am. Dec. 439; *State* v. *Harkin,* 7 Nev. 383; *State* v. *Tickel,* 13 Nev. 512.) The court erred in refusing defendant's proposed instructions, and in giving that part of the oral instructions which relate to the burden of proof.

*Lindley & Eickhoff,* for Plaintiff.

*Sawyer & Burnett,* for Intervenor.

There is a rebuttable presumption that all communications between attorney and client in the course of professional employment are confidential. It must be assumed that the court passed upon the point as involving a matter of fact, and found Dorn's testimony

was that of an attorney to his client, and that he was not then and there acting for or advising Waterhouse. (*Hager* v. *Schindler*, 29 Cal. 64.) The statement rendered to the bank commissioners was properly admitted in evidence, as it tended to show that defendant owned three hundred shares of stock, and tended to contradict his testimony. (*People* v. *Robes*, 29 Cal. 421; *Hall* v. *Bark Emily Banning*, 33 Cal. 524; *People* v. *Donovan*, 43 Cal. 165; *Neal* v. *Neal*, 58 Cal. 287.) The court had the right to put the question complained of to defendant, as it was in accord with the direct examination and the questions put by attorneys for defendant and the intervenor. There was no error in refusing defendant's proposed instruction, as it had already been given; nor in giving the instructions relating to the burden of proof, as, when taken with the rest, they are correct and applicable to the facts. (Civ. Code, sec. 3104.)

McFARLAND, J.— This action was brought upon a promissory note for ten thousand dollars, made by the defendant, Waterhouse, to the Pacific Bank, and alleged to have been assigned by said bank to the plaintiff Murphy. Afterward, however, the plaintiff Murphy withdrew his claims to the note, and the contest was thereafter between the Pacific Bank, intervenor, and the defendant, Waterhouse. The case was tried with a jury, who returned a verdict in favor of the intervenor for the amount of the face of the note. Defendant, Waterhouse, appeals from the judgment.

The defense set up by the appellant, Waterhouse, was that there was no consideration for the note. The facts alleged by him were that the Pacific Bank requested appellant to place the apparent or record title of three hundred shares of the stock of the People's Home Savings Bank in his name for the benefit of the said Pacific Bank; that appellant was to hold said stock in trust for said Pacific Bank; that the promissory note sued on in this action was given by appellant to said Pacific Bank for the purpose of protecting said bank in case of the

death of defendant, or any other contingency, and as collateral security for the performance by appellant of his agreement to hold said stock of the People's Home Savings Bank in trust for the said Pacific Bank; that the real ownership of the stock was to remain in the Pacific Bank, and that appellant had the right at any time to transfer the stock to the said Pacific Bank and receive back the said note.

At the trial of the cause the appellant testified substantially to the matters of defense above stated. He then called as a witness D. S. Dorn, who is an attorney at law, and proposed to prove by him (in substance) that he was present when the said contract testified to by appellant was made between him and one McDonald, who was acting for said Pacific Bank, and witnessed the contract. The intervenor objected to any testimony of said Dorn as to anything that passed on said occasion between the appellant and said McDonald, upon the ground that said Dorn was at that time the attorney and counselor for said Pacific Bank, and that anything that occurred upon said occasion should be excluded because privileged as a communication between client and attorney. The objection was sustained, and the appellant excepted. This ruling of the court excluding the offered testimony of Dorn was clearly erroneous. It appears, we think, very plainly from the testimony of Dorn, that at the time of the transaction referred to he was also the attorney for the appellant, Waterhouse. Assuming that to be the fact, then the point was expressly decided in favor of the contention of appellant by this court in *In re Bauer*, 79 Cal. 304. In that case this court said: " When two persons address a lawyer as their common agent, their communications to the lawyer, so far as concerns strangers, will be privileged, but, as to themselves, they stand on the same footing as to the lawyer, and either can compel him to testify against the other as to their negotiations" (citing numerous authorities). The rule, however, is the same where the witness is attorney for only one of the contracting parties. Where two per-

sons are negotiating with each other in the presence of
the attorney of one of the parties, the very nature of the
transaction, and the circumstances surrounding it, are
inconsistent with the notion of a confidential communi-
cation between one of the parties and his attorney who
happens to be present.. "The rule deducible from the
authorities is that all communications made by a client
to his counsel for the purpose of professional advice or
assistance, are privileged, whether such advice relates to
a suit pending, one contemplated, or any matter proper
for such advice or aid; that where the communications
are made in the presence of all the parties to the contro-
versy, they are not privileged, but the evidence is com-
petent between such parties." (*Britton* v. *Lorenz,* 45
N. Y. 51.) In *Coveney* v. *Tannahill,* 1 Hill, 33, 37 Am.
Dec. 287, the court say: "It is not necessary that a man
should have an attorney to hear his dealings with third
persons, and, if one is called in, I see no reason why he,
like any other person, should not be sworn to prove
what was done. . . . . What was done and said between
the plaintiff and Tannahill in the way of business can-
not be turned into a confidential communication between
attorney and client merely because the plaintiff had an
attorney present to hear and see what took place.   No
secret was confided to the attorney, and he might have
been required to answer, not only when and where the
account was signed, but as to everything that was done
and said between the plaintiff and Tannahill on that oc-
casion, so far as the matter would be pertinent, if proved
by any other witness.   If any communication passed
between the attorney and client apart from Tannahill,
these may be privileged, but nothing else."   In *Hughes*
v. *Boone,* 9 S. E. Rep. 286, the supreme court of North
Carolina say: "So, too, it has been held by numerous
adjudications the rule does not apply to communica-
tions between parties to an agreement made before an
attorney, or between such parties and the attorney of
one of them, or when made by one party to his counsel
in the presence of the other party, or where made by

one party to the attorney of the other party." In 1 Greenleaf on Evidence, section 245, it is said, among other things, that an attorney may be compelled to disclose " a statement made by him [the client] to the adverse party. In *Griffith* v. *Davies,* 5 Barn. & Adol. 502, it was held that " the fact of the witness having been present as attorney on one side does not prevent his giving evidence of a conversation between the parties." (See, also, *Hurlburt* v. *Hurlburt,* 128 N. Y. 420; 26 Am. St. Rep. 482; *Michael* v. *Foil,* 100 N. C. 178; 6 Am. St. Rep. 577; *Hanlon* v. *Doherty,* 109 Ind. 37; Greenleaf on Evidence, secs. 244, 245, and notes; *Gallagher* v. *Williamson,* 23 Cal. 331.) The provision contained in subdivision 2 of section 1881 of our Code of Civil Procedure is merely a declaration without any substantial modification of a principle that has always obtained. (*Hurlburt* v. *Hurlburt, supra.*) It was, therefore, perfectly competent for appellant to prove by Dorn what occurred between the appellant and McDonald, acting for the bank, at the time when, as appellant claims, the transaction took place between McDonald and himself, out of which the trust relation which he claims arose.

But respondent contends that the ruling of the court in excluding the testimony of Dorn, although erroneous, did no material injury to appellant. This position cannot be maintained. If Dorn had testified, and his testimony had corroborated that of appellant, the verdict of the jury might have been different—at least this court would not be justified in saying that it might not have been different. For this reason, therefore, the judgment must be reversed.

The appellant contends, also, that the court erred in asking of its own motion a certain question of the appellant while he was on the witness stand. It is contended that said question prejudiced the appellant before the jury, and was an unwarrantable interference by the court with a matter that belonged to the jury. We think that said question—which it is not necessary here for us to state in full—was improper; but it is not

necessary for us to determine whether the matter was serious enough to warrant a reversal of the judgment. It probably will not be repeated upon another trial.

We do not think that the court erred in admitting in evidence a part of a statement made by the appellant to the bank commissioners.

We see no error in the instructions given by the court to the jury, or in the ruling upon instructions offered, except that part thereof which relates to the amount or quantity of evidence necessary to sustain the burden of proof. The court, after having told the jury that the burden of proof was upon appellant to show that there was no value or consideration for the note, said: " It is for him to satisfy you by such evidence as convinces your mind that no value was paid for that note." In a civil case it is error to tell the jury that there must be evidence sufficient to convince their minds of any fact necessary to be shown by either party. The weight of evidence or preponderance of probability is sufficient to establish a fact in a civil case.

The judgment appealed from is reversed.

TEMPLE, J., and HENSHAW, J., concurred.