Se-Ling Hosiery, Inc., Appellant, *v*. Margulies.

46

Argued November 22, 1949. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*David S. Malis,* with him *Robert H. Malis* and *Malis, Malis & Malis,* for appellant.

*Robert L. Trescher,* with him *Herman Steerman* and *Montgomery, McCracken, Walker & Rhoads,* for appellee.

OPINION BY MR. CHIEF JUSTICE MAXEY, January 16, 1950:

This is an appeal by the plaintiff from an order awarding a new trial in an action of assumpsit.

On November 25, 1946, the plaintiff corporation engaged in the manufacture of hosiery in Nashville, Tennessee, sent to the defendant, in Philadelphia, a total of 1100 dozen pairs of nylon hosiery for the purpose of having them seamed, looped and examined. This quantity of hosiery was received. The defendant asserted that it did the required work and shipped the entire 1100 dozen pairs to the plaintiff by the same common carrier which had brought the stockings to them. The plaintiff contended that it received only 805 dozen pairs and that the defendant retained the balance of 295 dozen pairs. Suit was instituted to recover the loss, and the defendant counterclaimed for work done for plaintiff in the sum of $936.49. The jury found for the plaintiff in the sum of $3,208.73.

If the testimony on behalf of the plaintiff's claim is credited it proved a shortage of 295 dozen pairs of hosiery by actual count, and further demonstrated that the total weight of the shipments sent by plaintiff to defendant totalled 924 pounds, while the total weight of the shipments returned by defendant to plaintiff aggregated only 605 pounds.

There was testimony offered by the plaintiff to the effect that all the goods received arrived in good condition, and that the cartons showed no evidence of having been opened or tampered with, being securely bound by steel straps which defendant testified were affixed in his shop by one of his own employees. All of the receipts produced and all of the testimony given, indicated that the shipments in both directions were received without damage or interference, so that no blame was placed upon the common carrier, Super Service Motor Freight Company, by either litigant. The defendant asserted that it did the required looping, seaming and examining, and then shipped the entire 1100 dozen pair hosiery back to the plaintiff via common carrier.

In his charge the trial judge said only this as to the burden of proof resting on the plaintiff: "The plaintiff, of course, in this case as in all other cases, has what we call the burden of proof. He is the one complaining and asking relief at your hands. In this case he is asking that he be awarded money for goods which he says he lost because of the conduct of the defendant . . ." In his opinion in support of his order granting a new trial, the court said: "We have carefully considered the instruc‐ tion by the trial judge to the jury, which was emphatic that the plaintiff had the burden of proving the facts to be relied upon in order to recover. Through inadvertence an amplification of these words was left out. It is usual, and indeed necessary, to add the following words, or words of the same significance: 'The burden of proof must be by a preponderance of the evidence, which means when it is weighed there will be a perceptibly greater weight in favor of the plaintiff's proof and more than a mere scintilla.' These words the trial judge intended to use, but was momentarily distracted and did not return to the subject. We fear that this makes the charge on that subject inadequate."

The plaintiff appeals from the order of the court granting a new trial and contends that there was *no* such inadequacy in the court's charge as to justify the order. We agree with that contention.

In charging a jury in a civil case it is the established practice for the trial judge to say that not only has the plaintiff the burden of proof but also that this proof must be by the fair preponderance of the evidence, yet this wordage may possibly be somewhat prolix because when a litigant "has the burden of proof" it means that he has made a claim which he cannot expect to have accepted until he offers proof sufficient to support it; and the least degree of proof any claimant can offer in order to obtain persuasion is proof which *fairly out-*

*weighs* the probative value of any proof offered against the claim. If the evidence does not fairly preponderate in favor of his claim he has failed to carry his burden of proof. Since proof by "a preponderance of the evidence" is the lowest degree of proof recognized in the administration of justice, the *evidence* the burdened party offers does not become *proof* until it *preponderates* [1] in evidentiary weight against the opposing evidence.

If in a *criminal* case the trial judge should instruct a jury as the jury in the instant case was instructed it would be a reversible error, for in a criminal case the burden is on the Commonwealth to prove the offense charged *beyond a reasonable doubt.* That is the *highest* degree of proof required in the administration of justice. If in a civil case the evidence in support of a claim does not "preponderate" it does not "prove" the claim in any degree. To illustrate what is meant by the phrase "proof by the fair preponderance of the evidence" a trial judge sometimes says to a jury: "If we visualize evidence as something weighed in an ordinary balance scales and if the evidence plaintiff offers in support of his claim is so much more weighty in probative value than the evidence offered in opposition to it that it tips the scales on the side of the plaintiff, the latter has proved his claim by the fair weight of the evidence." When in the instant case the trial judge told the jury that the plaintiff "had the burden of proof" we must assume, in the light of the verdict, that the jury under-

---

[1] In *Thompson v. Dyson,* 120 Kan. 591, 244 P. 867, 868, it was held: "Burden of proof . . . means . . . preponderance of the evidence, that is, the greater weight of the evidence, in view of all the facts and circumstances of the case."

In *Lynch v. Figge,* 192 N. Y. S. 873, 875, 200 App. Div. 92, it was held: "The burden of proof . . . means upon whom rested the duty of furnishing a preponderance of the evidence."

In accord: *State v. Paulsgrove,* 203 Mo. 193, 101 S. W. 27, 30; *Holloway v. Texas Indemnity Ins. Co.,* Tex., 40 S. W. 2d 75, 77.

stood what was meant, to wit, that the plaintiff had to prove his claim by testimony that outweighed in the jury's judgment the evidence opposed to it.

Wigmore, Third Edition, Vol. IX, Section 2485, states: "Since, then, the risk and burden of adducing evidence falls upon the parties themselves, how is it to be apportioned between them? In short, *which party has the 'burden of proof'?*" He refers to the burden of proof as the "risk of nonpersuasion". Thayer in A Preliminary Treatise on Evidence at the Common Law, Chap. 9, p. 353, said: "The term 'burden of proof' . . . imports the duty of ultimately establishing any given proposition . . . this phrase, 'the burden of proof', . . . marks . . . The peculiar duty of him who has the risk of any given proposition on which parties are at issue,—who will lose the case if he does not make this proposition out, when all has been said and done."

In the quotation from Lord Justice BOWEN in our opinion in the case of *Arco Metalscraft Company v. Shaw*, 364 Pa. 39, 70 A. 2d 850, in which Baron BOWEN lays down a rule about the shifting of the burden of proof in the course of a trial, it is pertinent to observe that this experienced English judge, like Wigmore and Thayer, used the phrase: "onus of proof", or "burden" without adding, "by the fair preponderance of the evidence". These legal scholars recognized the fact that in civil cases the phrase "burden of proof" when unqualified by any additional phrase *implies* "by the fair preponderance of the evidence". If a trial judge in a civil case instructs the jury that plaintiff "has the burden of proof" the *defendant* has no cause for complaint, because of what is implicit in that phrase when it stands alone. However, a *plaintiff* would have grounds for complaint because if the jury was not instructed that "burden of proof" in a civil case meant *only* "by the fair preponderance of the evidence" the

members of the jury might have the idea that the phrase "burden of proof" meant some higher degree of proof than mere preponderating evidence. Therefore, the omission of the phrase "by the fair preponderance of the evidence" in the judge's charge in the instant case was something of which the plaintiff could have justly complained, but of which the defendant could not justly complain. Plaintiff having secured the verdict makes no complaint.

In the instant case the court below said: "We are convinced that the verdict for the plaintiff was not: 1—against the law; 2—against the evidence, and 3—against the weight of the evidence." The record sustains the view that the plaintiff successfully carried its burden of proof. That the jury believed plaintiff had done so is indicated by the verdict. We think it would be unfair to take away the verdict plaintiff secured merely because the trial judge in his charge as to plaintiff's burden of proof omitted the phrase "by the fair preponderance of the evidence". This slight departure from the formula customarily used in charging a jury in a civil case does not amount to reversible error, though the safest course for a judge in charging the jury in such cases would be to adhere to the long established formula and say that the plaintiff has the burden of proving his claim by the fair preponderance of the evidence.

There is another reason for not disturbing the verdict. After ruling on four requests for charge made by the defendant the trial judge said: "Now there is nothing that either of you wish to call my attention to other than what you have?" and counsel for the respective parties answered, "No." If the defendant's counsel had deemed amplification of the phrase "burden of proof" essential to his client's interests, he should have requested it, and the trial judge would doubtless have complied with the request. Non-amplification of a charge

when no amplification is requested does not ordinarily constitute reversible error. While the failure of counsel to call a trial judge's attention to a *fundamental error* in a charge would not justify an appellate court in ignoring it, this record does not present any such error.

The order granting a new trial is reversed and the judgment in favor of the plaintiff is reinstated.