**Lucille H. BURCH, Appellant,**

v.

**READING COMPANY.**

No. 11908.

United States Court of Appeals
Third Circuit.

Argued Nov. 5, 1956.

Decided Jan. 8, 1957.

B. Nathaniel Richter, Philadelphia, Pa. (Richter, Lord & Levy, Irwin N. Rosenzweig, Philadelphia, Pa., on the brief), for appellant.

Richard P. Brown, Jr., Philadelphia, Pa. (Henry R. Heebner, Philadelphia, Pa., Morgan, Lewis & Bockius, Philadelphia, Pa., on the brief), for appellee.

Before MARIS and KALODNER, Circuit Judges, and WORTENDYKE, District Judge.

MARIS, Circuit Judge.

This is an appeal by the plaintiff from a judgment entered on a verdict in favor of the defendant in an action brought under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. to recover for injuries suffered by the plaintiff while working as a track laborer for the defendant railroad. The plaintiff asserts that the trial judge erred in certain trial rulings and instructions to the jury. All the matters complained of were fully considered by the district court in an elaborate opinion by Judge Van Dusen denying the plaintiff's motion for a new trial. D.C., 140 F.Supp. 136. Finding ourselves in full accord with what is there said we conclude that the judgment should be affirmed. To what Judge Van Dusen has said we need add merely a few comments with respect to three of the objections raised to the trial judge's charge.

The plaintiff was injured on November 27, 1950 while working as a member of a railroad section gang at Scott's Lane crossing in the East Falls section of Philadelphia. That morning her task was to carry dirt in a shovel from a pile by the side of Scott's Lane below the crossing to fill in holes under the rails of the tracks in the crossing. She had been engaged in this work for about an hour when on crossing Scott's Lane with an empty shovel returning from the tracks toward the pile of dirt she fell and broke her ankle. It was for this injury that she sought to recover damages in the suit before us.

At the time of the trial the plaintiff was a widow 55 years of age. She testified that she had raised two children, not her own, both of whom were then grown and no longer living with her. In his closing argument to the jury, counsel for the plaintiff laid much stress on this fact, appealing for a verdict which would enable her to be " 'a mother to little children that needed it' " and to make it possible for her to leave something " 'to those who are near and dear to her' ".[1] To neutralize any possible prejudice resulting from this appeal on behalf of nonexistent "little children" the trial judge felt it was his duty, as he states in his opinion,[2] to charge the jury as follows:

" 'If you are sympathetic or prejudiced in favor of or against either the plaintiff or the defendant, you should not allow such sympathy or prejudice to influence you at all in your verdict. You should no more be swayed by sympathy for the plaintiff than for the widows and orphans who may be receiving dividends or interest from the defendant company and who may need that income for themselves and for their families. No sympathy of any sort for either side should play any part in your decision.' "

---

1. The exact language used by counsel is quoted in the opinion of the district court, 140 F.Supp. 136, 150–151.

2. D.C., 140 F.Supp. 136, 151.

While this language is perhaps not what this court would have chosen we cannot hold that it was error for the trial judge so to charge under the circumstances. He was not, as the plaintiff argues, bringing into the case for the jury's consideration additional parties who had no place there, as was done in the cases which the plaintiff cites. On the contrary he was obviously seeking to eliminate all such extraneous parties on both sides from the jury's consideration and in this graphic way to make it clear to them that no sympathy of any sort for either side should play any part in their decision. A federal trial judge has the right, indeed the duty, to do this.[3] And he has a wide discretion as to the manner of doing it.

We must assume that jurors are intelligent and conscientious individuals, each with a background of knowledge and experience. They are not robots who come to the courthouse with minds tabula rasa and who respond mechanically to every impression they receive in the courtroom. On the contrary they are expected, as by explicit direction of the trial judge this jury were, to use their common sense and their experience in the affairs of life in evaluating the testimony and reaching a verdict. It would be naive to assume that a group of intelligent jurors did not know, what is common knowledge, that a large railroad corporation such as the defendant here is very likely to have among its stockholders widows and orphans who receive income from its dividends. To thus point out that sympathy might enter into the picture on the defendant's side as well as the sympathy for which the plaintiff's counsel had appealed, and to direct that all considerations of sympathy on either side be left wholly out of their deliberations was in our view within the discretionary power of the trial judge in this case.

Another matter calling for additional comment relates to the charge of the trial judge with respect to the plaintiff's burden of proof. In this connection the trial judge said to the jury:

"The plaintiff has the burden of proving to you by the weight or the fair preponderance of the evidence that the defendant or its employees, other than the plaintiff, did not provide her with a reasonably safe place to work and that this negligence caused, in whole or in part, this injury to plaintiff. If, after considering all the evidence, the question of whether or not the defendant or its employees, other than the plaintiff, of course, were negligent in failing to use reasonable care to provide plaintiff with a safe place to work is so evenly balanced in your mind that you have no conviction, then you must find for the defendant. It is her burden to convince you that there was this negligence, Also, if the question of whether or not such negligence was a factor in causing the injury is so evenly balanced in your mind that you have no conviction, then you must find for the defendant.

\* \* \* \* \*

"Now, this is one of the big points for you, this question of whether the plaintiff has proved to you by a preponderance of the evidence that there was a failure to use reasonable care under all these circumstances. There she was with her galoshes, her overalls, her work jacket. The evidence must do more than raise a doubt in your mind on these points, if plaintiff is to sustain the burden. If there is just a doubt in your mind, you must bring in a verdict for the defendant, and that ends your consideration of the case. You don't need to go any further. On the other hand, if you are convinced by the preponderance of the evidence that the defendant or its employees, other than the plaintiff, were negligent, and that this negligence was a fac-

---

3. See New York Central R. Co. v. Johnson, 1929, 279 U.S. 310, 318, 49 S.Ct. 300, 73 L.Ed. 706.

tor in causing the injury, then you must find for the plaintiff.

\*     \*     \*     \*     \*     \*

"If you find for the plaintiff for the reasons stated above, then you must consider the damages. The mere fact that I instruct you on the subject of damages must not be considered as an indication of my views on whether or not the plaintiff has sustained her burden of proving that the defendant or its employees were negligent in failing to provide her with a safe place to work. If you find that the plaintiff sustained the burden of proving the defendant negligent, through its failure to use reasonable care in providing a safe place to work, then you must carefully consider all the following elements of damage: First, loss of past earnings; second, loss of future earnings; third, pain, suffering, injuries, mental and physical; fourth, medical expenses, past and future.

\*     \*     \*     \*     \*     \*

" \*   \*   \*   I must point out to you the various possibilities in accordance with the contentions of counsel, and it is for you to find the facts, and nothing I said should be allowed to make you feel that the plaintiff had not sustained her burden of proving this case or that she had. That is for you to decide. That is your problem. All I can tell you is the law, which is that the defendant has the duty to use reasonable care and to provide this plaintiff with a reasonably safe place to work under all the circumstances."

■ The plaintiff objects to these instructions upon three grounds. One is that it was error, as she argues, for the trial judge to use the words "conviction"

and "convince" in explaining to the jury the nature of their fact finding duty in this civil case. Another is that it was equally erroneous to use the word "doubt" for that purpose. The third is that it was error in the two portions of the charge last quoted not to add to each reference to the plaintiff's burden of proof the statement that the proof need only be made by a preponderance of the evidence. We are satisfied that there is no merit in the plaintiff's contentions in this regard and that the portions of the charge which we have quoted, considered as a whole, adequately informed the jury as to their legal duty in the case. The problem involved in the first two contentions, however, calls for a little more searching analysis than is customarily given to it. For we are here dealing with ancient legal phrases, cliches which may have precise meaning for judges and lawyers but which must be far less than clear to lay jurors.[4] It is, however, with the success of these statements in illuminating the minds of jurors as to their fact finding duty that we must be concerned.

The classical statement of the burden of proof in an ordinary civil case such as this is that the facts must be proved by a "preponderance of the evidence". But there are obvious difficulties with this metaphorical description of the plaintiff's burden of persuasion. It does not refer directly to the fact finding process itself but merely to the character of the evidence required and even there is less than clear since it refers only to the "weight" of the evidence. The latter ambiguity is perhaps cleared up by the usual statement to the effect that "preponderance" is not dependent upon the number of witnesses testifying on either side but rather upon the credibility which, in the light of all the evidence in the case, the jury attributes to their tes-

4. This is graphically indicated by the results of a questionnaire sent to former jurors by Judge Walter B. Wanamaker of Akron, Ohio. In answer to the question, "What propositions of law were most difficult to understand?" the answers were:

| "a. | Preponderance of the evidence | 232 |
| b. | Reasonable doubt | 136 |
| c. | Negligence | 110 |
| d. | Proximate cause | 203." |

Trial by Jury, 1937, 11 U. of Cin.L.Rev. 119, 192.

timony and the effect of that testimony in inducing belief in its truth. But even so, it has been suggested with much force that the use of this ancient metaphor referring, as it does, to the "greater weight" of evidence is intrinsically of very limited usefulness in giving to a juror real guidance as to his duty.[5] One cannot weigh evidence as on a scale. Certainly no mechanical device is available to jurors to measure the truthfulness of a witness or the accuracy of his memory.

Moreover, as we have suggested, the "preponderance of the evidence" formulation is not directed to the basic procedural problem confronting the jury, that is, the degree of accuracy in finding the facts which they are being asked to employ in reaching their verdict in a civil case. Certainly they are not required to find the facts to an absolute certainty or even beyond a reasonable doubt, as in a criminal case. But we do not think it is wrong to say, as the trial judge in this case did, that the jury must be *convinced* by the fair preponderance of the evidence that the facts were as the plaintiff asserted them to be.

It would doubtless be much more comprehensible to a jury if they were told, as Professor McBaine has suggested in his thoughtful essay on the subject,[6] that the plaintiff's burden is to convince them upon all the evidence before them that the facts asserted by the plaintiff are more probably true than false.[7] This, we think, is the intended effect of the "preponderance of the evidence" rule and it would place the emphasis upon the nature of the function which the jurors are being asked to perform and the degree of belief which must be produced in their minds before the plaintiff is entitled to a favorable finding from them.

In any event there must surely be a conviction in the minds of the jurors before they may bring in a verdict for the plaintiff. They must be convinced or satisfied[8] in their minds that the plaintiff is entitled to their verdict. This, of course, need not be a conviction of the certainty of the facts they find,[9] but they must at least be convinced that the evidence considered as a whole, its "preponderance" to use the traditional term, indicates that the facts asserted by the plaintiff are probably true. The contrast here is between two different states of mind, a state of belief and a state of doubt or uncertainty. If, as the trial judge suggested in his charge in this case, the evidence merely raises a doubt in the jurors' minds as to whether or not the facts asserted by the plaintiff are true or if in their minds the probabilities of those facts being true or false appear equal the plaintiff has not met his burden of proof and a finding for the plaintiff would be inconsistent with the jurors' duty to render a true verdict.

5. See Judge Frank's discussion of the subject in Larson v. Jo Ann Cab Corp., 2 Cir., 1954, 209 F.2d 929. See also McBaine, Burden of Proof: Degrees of Belief, 1944, 32 Cal.L.Rev. 242, 247; McCormick on Evidence, 1954, p. 676.

6. McBaine, Burden of Proof: Degrees of Belief, 1944, 32 Cal.L.Rev. 242, 262. And see Morgan, The Law of Evidence, 1941–1945, 59 Harv.L.Rev. 481, 492–493, and McCormick on Evidence, 1954, p. 677.

7. In Beckwith v. Town of Stratford, 1942, 129 Conn. 506, 29 A.2d 775, 776, Chief Justice Maltbie described the standard of proof in a civil case as "proof which produces 'a reasonable belief of the probability of the existence of the material facts'". Likewise in Moffie v. Slawsby, 1915, 77 N.H. 555, 94 A. 193, Chief Justice Parsons said: "In the ordinary civil case, the issues are decided by a balance of probabilities. * * * When the party having the affirmative of the issue has established the probable truth of his contentions, he has met the burden resting upon him." And see Northwest States Utilities Co. v. Ashton, 1937, 51 Wyo. 168, 65 P.2d 235; Mutual Life Ins. Co. of New York v. Springer, 1937, 193 Ark. 990, 104 S.W.2d 195; 20 Am.Jur., Evidence, §§ 1249, 1250.

8. In this setting the two verbs appear to be synonyms.

9. Murphy v. Waterhouse, 1896, 113 Cal. 467, 45 P. 866; 20 Am.Jur., Evidence, §§ 1249, 1250.

█ We are satisfied that in the portions of the charge to which the plaintiff objects and which we have quoted above the trial judge adequately explained to the jury their duty in this regard. We are not impressed with the plaintiff's contention that the trial judge should have included a specific reference to the preponderance rule or its equivalent in connection with each of the references which he made later in his charge to the plaintiff's burden of proof. He had already adequately, as we have pointed out, instructed the jury as to their duty to follow the preponderance rule and we certainly cannot say that it was error not thus to reiterate summary references to that rule.

The other matter upon which we shall comment briefly relates to the instructions given by the trial judge with respect to the defendant's duty to provide the plaintiff with a safe place to work. The following portion of the charge is objected to:

"Reasonableness varies with the place and the danger of the work. Less diligence is required to constitute reasonable care where the danger is slight than would be required where the danger is great. If you find that the injury resulted from an accidental slip on one of a few pebbles, neither the defendant nor the plaintiff could be said to be negligent, and you must find a verdict for the defendant, of course. The railroad isn't responsible for accidents. They might happen anywhere."

In considering the objection raised to this language it must be borne in mind that the trial judge affirmed and read to the jury 8 of the plaintiff's points for charge which related to the applicable principles of law with respect to the defendant's duty to provide the plaintiff with a safe place to work. Among these was the plaintiff's 7th point, as follows:

"7. If you find that the plaintiff slipped, tripped or fell because of the presence of loose stones or pebbles which were present in the highway where she was obliged to work

or where the defendant knew or should have known she would be working and that such condition was one which the railroad company knew or should have known was one which might cause her to fall and suffer injury, then you may find that the failure of the railroad company to make the place reasonably safe or to provide a reasonably safer way for the plaintiff to perform her duties was negligence. If you find that the plaintiff sustained her injuries in whole or in part by reason of such negligence on the part of the defendant railroad company then your verdict must be for the plaintiff."

█ It must also be remembered that the plaintiff's place of work at the time of her injury was on a public street upon which she slipped and fell. The evidence was sharply conflicting as to whether the street was in a dangerous condition, being covered with loose pebbles, or whether it provided a safe surface for walking with only a few pebbles scattered here and there. In the light of the charge as a whole and the affirmance of the plaintiff's points the instruction complained of permitted the jury to find that the street upon which the plaintiff was walking was a reasonably safe place to work and that her injuries were the result of a purely accidental slip by her on one of a few pebbles. This was not error. For contrary to the rule under workmen's compensation acts the Federal Employers' Liability Act does not impose liability without fault and there is, therefore, no liability on the part of an employer under that Act for injuries suffered by an employee as a result of a pure accident occurring while working in a reasonably safe place.

The judgment of the district court will be affirmed.

KALODNER, Circuit Judge (dissenting).

I disagree with the majority's view that the trial judge was acting within his discretionary power when he made ref-

erence in his charge to " * * * widows and orphans who may be receiving dividends or interest from the defendant company and who may need that income for themselves and for their families * * *."

In my opinion the injection into the case of the pecuniary interest of widows and orphans dependent upon income from their investment in the defendant railroad company's securities constituted prejudicial error requiring reversal.

Two wrongs don't make a right.

Plaintiff's counsel was clearly out of bounds when he injected into the case the fact that the plaintiff had raised two foundlings (long since grown up) as her own and at least inferentially appealed for a verdict which would permit further such philanthropy on her part. His conduct warranted withdrawal of a juror or at the very least a vigorous caution to the jury to disregard this unjustifiable attempt to invoke its sympathy. The trial judge chose to take neither one of these available steps but on the other hand, no doubt unwittingly, chose, as the majority put it, "to neutralize any possible prejudice resulting from this appeal on behalf of nonexistent 'little children.'"[1]

I fully subscribe to the majority's view as to the trial judge's motive but we cannot give judicial sanction to fighting fire with fire. Here the trial judge sought to extinguish the flame of sympathy for foundlings ignited by plaintiff's counsel with a countering flame of sympathy for widows and orphans. Neither the foundlings nor the widows and orphans were parties to this litigation and their injection into the case was violative of the rights of the respective parties and constituted reversible prejudicial error. Cf.

Knight v. Allegheny County, 1954, 377 Pa. 502, 105 A.2d 141 and Narciso v. Mauch Chunk Township, 1952, 369 Pa. 549, 87 A.2d 233, 33 A.L.R.2d 438.

As to the trial judge's instructions with respect to the plaintiff's burden of proof:

In the first two portions of the trial judge's charge which the majority quotes he twice instructed the jury that it must find for the defendant if it had "no conviction" and also twice instructed it that it must be "convinced" of the defendant railroad's negligence supplementing those instructions with the admonition that "If there is just a doubt in your mind, you must bring in a verdict for the defendant * * *."

I disagree with the majority's view that the instructions stated did not constitute prejudicial error.

As was stated by Judge Frank in Larson v. Jo Ann Cab Corp., 2 Cir., 1954, 209 F.2d 929, 930, 935:

"Courts and commentators have said that, in the ordinary civil suit, usually a judge commits reversible error if he instructs the jury that the plaintiff cannot recover unless he 'convinces' them (or the like). Such a charge, it is maintained, indicates something midway between a 'preponderance' and 'beyond a reasonable doubt,' and should therefore be reserved for certain exceptional sorts of civil cases where more than a 'preponderance' is required. * * * Nevertheless * * * we think we should adhere to the ruling that, in an ordinary civil suit * * * words like 'convince' and 'conviction' should be shunned in a jury charge."[2]

1. The trial judge put it this way in his opinion reported at D.C.E.D.Pa.1956, 140 F.Supp. 136, at page 151:

"In view of this emphasis on these 'little children' and the plaintiff having something to leave to those 'who are near and dear to her,' the trial judge felt it was his duty to neutralize any possible prejudice by including in his charge a sentence indicating that there might be those interested in the defendant who were also in need and included the following paragraph in his charge:"

2. In that case no exception was taken to charge as made and the Court held it was not adequately reserved for review.

In common parlance "conviction" is synonymous with "certainty" and "convince" is "to cause to feel certain."[3]

In instructing the jury that it must find for the defendant if it had "no conviction" and that plaintiff had the burden "to convince" it that defendant was negligent, the trial judge imposed a burden of proof on plaintiff far in excess of that imposed by the "preponderance of the evidence" rule.

In Nelson v. Lee, 1947, 249 Ala. 549, 32 So.2d 22, 24 the Supreme Court of Alabama held that reversible error was committed by the trial judge in giving the following instruction:

"'I charge you, gentlemen of the jury, that if after a consideration of all the evidence in this case your minds are left in a state of doubt and uncertainty so that you are not reasonably satisfied from the evidence that on the occasion complained of the defendant was guilty of negligence in and about the transportation, handling or removal of the rifle in question you cannot return a verdict in favor of the plaintiff and against the defendant.'"

In doing so it stated that " * * * this charge placed too high a degree of proof upon the plaintiff."

The same court in the recent case of Hill Grocery Co. v. Wilson, Ala., 89 So.2d 687, 688, ruled that the trial judge had correctly, on a motion for a new trial, held that he had committed prejudicial error when he had given the following instruction to the jury:

"'* * * Where the evidence leaves it uncertain as to whether the cause of the injury was something for which the defendant was responsible, or something for which the defendant was not responsible, there is a failure of proof, and unless you are reasonably satisfied from the evidence in this case that the negligence of the defendant, if any, was the proximate cause of the injuries sustained by Mrs. Wilson, you can-

not return a verdict in favor of the plaintiff and against the defendant.'"

In ruling that the trial judge had acted correctly in granting a new trial the Supreme Court of Alabama said of the instructions which had been held to be prejudicial error:

"* * * if the jury had the slightest uncertainty as to whether the defendant was responsible for the injury, they were required to find that there was failure of proof as to such fact. The effect of the charge is to place the burden upon the plaintiff to show beyond all uncertainty that the defendant was responsible for the injury sustained by the plaintiff. As pointed out in the foregoing authorities, the charge places too high a degree of proof upon the plaintiff."

In Botta v. Brunner, 1956, 42 N.J.Super. 95, 126 A.2d 32, 37, the Appellate Division of the Superior Court of New Jersey held that the trial judge had committed prejudicial error when he charged the jury that it was incumbent upon the plaintiff "'* * * to prove by *clear, convincing evidence* that her injuries were the result of this accident,'" and that "'The evidence must establish *with reasonable certainty* that the injuries and losses for which you award any damages are properly attributable to the accident.'" With respect to these instructions the Court stated:

"There can be no doubt that the court's imposition upon plaintiff of the burden of producing 'clear, convincing' evidence that her claimed 'injuries,' easily to be understood by the jury in the added sense of disabilities, were the result of the accident, assessed her with a probative burden exceeding what the law calls for in an ordinary civil action."

In Johnson v. Erie Railroad Co., 2 Cir., 1956, 236 F.2d 352, 354, 355, after correctly charging the jury with respect to

---

3. Webster's New World Dictionary of the American Language, College Bd. 1956.

the burden of proof the trial judge went on to say:

" 'It is up to you ladies and gentlemen to determine whether the evidence adduced before you shows with *reasonable certainty* that the plaintiff's alleged injury or future disability, if you find he has any, resulted from the aggravation of the previous condition, or, rather from the previous condition itself, in order to warrant a recovery of damages in this case.' "

The Appellate Court held that the instruction given was erroneous, stating:

" * * * At least as to injuries actually suffered prior to the trial, it was incumbent on the plaintiff to prove a causal connection with the defendant's negligence only by a fair preponderance of the evidence: *to require proof to 'a reasonable certainty' imposed an excessive burden.*" (Emphasis supplied.)

The Court also held erroneous the following instruction:

" ' * * * I don't want to review that evidence, but it is up to you to decide whether you want to believe one or the other, because *if you have any doubt about it* then he [the plaintiff] has not sustained the burden of proof which the law imposes upon him.' "

Said the Court of that instruction:

"That statement was erroneous. Notwithstanding a doubt thus engendered a jury might yet properly find that the plaintiff had sustained the burden under which he labored."

In the third and fourth portions of the trial judge's instruction relating to plaintiff's burden of proof, quoted by the majority the jury was thrice told that plaintiff must sustain " 'the burden of proving' " the defendant's negligence. That of course was reversible error since the instructions omitted any reference to a " 'fair preponderance of the evidence.' "

In Se-Ling Hosiery, Inc., v. Margulies, 1950, 364 Pa. 45, 70 A.2d 854, 856, the trial judge instructed the jury in a civil

action that the plaintiff " 'had the burden of proof' " and did not add the phrase " 'by the fair preponderance of the evidence.' " Said the Court, 364 Pa. at page 50, 70 A.2d at page 857:

" * * * If a trial judge in a civil case instructs the jury that plaintiff 'has the burden of proof' the defendant has no cause for complaint, because of what is implicit in that phrase when it stands alone. *However, a plaintiff would have grounds for complaint because if the jury was not instructed that 'burden of proof' in a civil case meant only 'by the fair preponderance of the evidence' the members of the jury might have the idea that the phrase 'burden of proof' meant some higher degree of proof than mere preponderating evidence. Therefore, the omission of the phrase 'by the fair preponderance of the evidence' in the judge's charge in the instant case was something of which the plaintiff could have justly complained* * * *." (Emphasis supplied.)

With respect to the sum total of the instructions as to burden of proof, above discussed, the following statement made in Johnson v. Erie Railroad Co., supra, 236 F.2d at page 356 is particularly appropriate:

"We need not consider how far separately each of the statements referred to would require reversal, since the cumulative effect of the several references is such as to make the possibility of confusion too great to disregard. We think the plaintiff entitled to a new trial."

Because of the view expressed that a new trial should be granted because of the trial judge's erroneous and confusing instructions relating to the plaintiff's burden of proof, it is unnecessary to dwell at length on her contention respecting the trial judge's instruction that

" * * * If you find that the injury resulted from an accidental slip on one of a few pebbles, neither the defendant nor the plaintiff could be said to be negligent, and you must find a verdict for the defendant."

I subscribe to the plaintiff's contention that this instruction was erroneous because it inferentially ruled that there was no absolute duty on the part of the defendant to provide plaintiff a reasonably safe place to work and operated in effect to remove from the jury's consideration the "safe place to work" issue.