Margaret L. COLLINS

v.

MONONGAHELA RAILWAY COM-
PANY, a corporation.

Civ. A. No. 60-822.

United States District Court
W. D. Pennsylvania.

Aug. 14, 1964.

Leonard J. Paletta, Pittsburgh, Pa.,
for plaintiff.

Randall J. McConnell, Jr., Pittsburgh,
Pa., for defendant.

ROSENBERG, District Judge.

A motion was made here for a new trial, and it will be granted.

The plaintiff, Margaret L. Collins brought an action for damages against her employer, the Monongahela Railway Company, a corporation, defendant, under the provisions of the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et sequi.

The plaintiff was employed as a block operator by the defendant at the Maitsville Yards near Morgantown, West Virginia. As such an employee, she was required to watch out for smoking hot boxes on the passing trains of the de-

fendant company and to report the same. She was also required to intercept messages and to pass them on. Her position of observation was in a tower, but in the performance of her duties she was required to traverse a pathway, steps and porch to go to and from the tower.

On the morning of January 19, 1960, there had been rain, snow and sleet and the like, which resulted in icy formations over and along the walkway, steps and porch over which the plaintiff was required to proceed in the performance of her duties. On this particular morning no additional employees had been furnished to provide her with a safe walkway to and from the tower, but the defendant did provide her with a shovel and a broom for sweeping the porch, steps and walkway and also with rock salt for spreading over the area.

On the morning of January 19, 1960, the plaintiff had used the equipment furnished her and the salt in an effort to provide safe walkways and approaches; and at about 7:20 o'clock she was in the process of spreading salt at or near the steps when she suddenly slipped and fell on her back with the result of an injury to her lower back region.

The agents of the defendant railroad instructed her on January 22nd to see its doctor, William H. Howell, and he began to treat her. He sent her to the hospital and advised her to use hot applications and the like. However, he sent her back to work on January 25th, but continued to prescribe and treat her.

On February 1st, he gave her a corset to support her injured muscles. On March 4th, she returned to the hospital complaining of rectal bleeding, and on March 15th he made a test and advised her to return on March 16th. He then made arrangements for her to go to the hospital on March 21st. She was then operated upon for the correction of a colon perforation which was caused in the previous examination by Dr. Howell in the use of a sigmoidoscope. Thereafter an infection set in and a hernia subsequently developed. Recovery from these conditions was long delayed, resulting in financial loss to the plaintiff in addition to severe pain and suffering.

A three-part interrogatory was presented to the jury and by the answer to the third part, the jury indicated that Dr. Howell was "solely the private doctor of the plaintiff". The verdict, accordingly, was one in favor of the defendant.

The plaintiff now in her motion for a new trial offers many objections, most of which have no merit. I am, however, concerned with a multiple interrogatory presented to the jury. This was the form of the interrogatory presented to the jury:

"Was Dr. Howell, while examining the plaintiff in March 1960 (1) an employee, agent or servant of the railroad, or (2) an independent contractor or (3) solely the private doctor of the plaintiff?"

The question to the jury should have been simply stated in the alternative.

"Was Dr. Howell the employee or agent of the Defendant? Was Dr. Howell the private doctor of the plaintiff?"

These simple questions then should have been clothed with apt and appropriate instructions. The interrogatory as submitted was in addition to a general verdict form in which the jury found for the defendant. It now appears to me that there was a lack of clarification in the instructions as given to the jurors.

 While the defendant had offered as one of its defenses the proposition that Dr. Howell was an independent contractor, this was not supported by the evidence as a whole. The burden was upon the plaintiff, in the first instance, to prove by a preponderance of the evidence that she received her original injury on January 19th because of the negligence of the defendant, in whole or in part, in failing to give her a safe place in which to perform her duties. Burch v. Reading Co., 240 F.2d 574, C.A. 3, 1957, cert. denied 353 U.S. 965, 77 S. Ct. 1049, 1 L.Ed.2d 914. The plaintiff showed that extreme weather conditions existed at the time of her fall and the

resulting injury to her lower back; that she could not counter these conditions with the shovel, broom and salt as furnished by the defendant; that the weather conditions were such as to make it difficult for her to eliminate the ice and slippery condition by these aids and her efforts alone; and, that the defendant gave her no additional help under the circumstances. This was a sufficient showing to present to the jury.

But there is another situation more critical than her original injury and that is what occurred to her by reason of her being sent by the defendant to its agent Dr. Howell. Aside from any negligence on the part of the defendant regarding the slippery condition or the failure to furnish either manpower or proper equipment in order to provide a safe place in which the plaintiff could have performed her duties, the defendant sent Mrs. Collins to its physician for examination and treatment and she was examined and treated by Dr. Howell from then on in one unbroken relationship of physician and patient. The evidence presents no line of demarcation. The only element which could possibly support the defendant was that Mrs. Collins was personally presented a bill for services by Dr. Howell and that she paid the bill and this in spite of the fact that this was on April 19th, long after the damages had been done and long after both Dr. Howell and the defendant knew the worst.

The difficulty with this evidence was that Mrs. Collins was, at that time, less concerned with the payment of the bill and more anxiously concerned with her condition. She would not have been in any position to know whether her eventual condition was newly originated with her or was an outgrowth of her January 19th injury. In any event she could not have known whether Dr. Howell was or was not the defendant's agent at the time he perforated her colon or whether he was the agent of the defendant and was guilty, in whole or in part, of negligence in causing such a perforation of the colon. The evidence showed a continuation of her condition after the examination by Dr. Howell with a sigmoidoscope of the lower colon.

While the primary burden was upon the plaintiff to establish negligence, in whole or in part, by the defendant or its agent in order to recover a verdict against the defendant, it is apparent from the evidence that she met this burden by showing that she slipped and received a lower back injury on the morning of January 19th and further, that she received an additional injury by the treatment accorded her on March 15th by Dr. Howell. The burden thereafter was upon the defendant, in supporting its affirmative defenses, to prove that the plaintiff suffered her injury on January 19th because of no negligence on its part or of contributory negligence on the plaintiff's part, and further that she suffered an additional colonic injury on March 15th by the action of her own medical doctor whose services as agent for the defendant had been separated or was separate and different from that for which she had subsequently, contractually, employed the doctor in her own distinctly independent interest.

The problem presented at the trial of this case was that, while it was the defendant's affirmative duty to show no negligence on its part or contributory negligence on the part of the plaintiff when she received her original injury on January 19th, or that the defendant had no liability for the second injury of March 15th, or that as of such time there was no negligence on the part of its medico-agent, if such he was, the weight of the evidence does not support the defendant. This is made more emphatic by the failure of the defendant to produce Dr. Howell to explain just when and how the transition from defendant's agent to plaintiff's doctor occurred, or that the incident occurred without negligence on his part as the defendant's agent, if in fact the evidence shows that he was the defendant's agent.

From such evidence as was introduced and from such evidence as could have been produced—but which was not so

produced—I must conclude that the jury was neither presented with an apt interrogatory or properly instructed, and that the jury's verdict was against the weight of the evidence. A new trial therefore will be granted.