William Harvey **PORTER**

v.

**AMERICAN EXPORT LINES, Inc.**

v.

**ATLANTIC & GULF STEVEDORES, INC.**

**Civ. A. No. 32041.**

United States District Court
E. D. Pennsylvania.

Dec. 15, 1966.

Joseph Weiner, Freedman, Borowsky & Lorry, Morris M. Shuster, Philadelphia, Pa., for plaintiff.

James F. Young, Krusen, Evans & Byrne, Philadelphia, Pa., for American Export Lines, Inc., defendant and third-party plaintiff.

Francis E. Marshall, Philadelphia, Pa., for Atlantic & Gulf Stevedores, Inc., third-party defendant.

## OPINION

JOHN MORGAN DAVIS, District Judge.

This case involving injuries to a longshoreman was tried solely on the issue of liability by agreement of all counsel. The jury returned a verdict in favor of respondent, and the plaintiff has filed a motion for a new trial on the grounds that the verdict was against the weight of the evidence and that the court erred in its charge on the burden of proof.

The first argument need detain us but momentarily. After a careful review of the record, it seems clear to us that the jury resolved the conflicting testimony in favor of the respondent. This was their function, and we shall not exercise our discretion to grant a new trial simply because we may not have found the facts as the jury did.

The second contention concerns our charge on the burden of proof. The court initially charged as follows:

"I want to caution you, ladies and gentlemen, that the burden of proof is upon the plaintiff in this regard. He must satisfy you by a fair preponderance of the evidence that the shipowner was negligent, or the ship unseaworthy, and that such negligence or unseaworthiness caused his injury.

*"By a fair preponderance of the evidence is meant that if you hesitate or are doubtful as to whether your verdict should be in favor of the plaintiff, then the plaintiff has failed to satisfy you by a fair preponderance of the evidence that his contentions are correct.* To look at it another way, fair preponderance of the evidence means nothing more than the fair weight of the evidence. In other words, you weigh the testimony and the evidence in favor of the plaintiff's contentions, and you also weigh the evidence and testimony against his contentions, and if in your opinion you feel that the fair weight of this evidence leans toward the plaintiff, on either the negligence claim or the claim of unseaworthiness, or on both, then he has sustained his burden, and you would then find for the plaintiff; but if you find from your consideration of all the evidence presented to you that the weight is in favor of the defendant on both of these claims, or that there is an absolutely equal balance on both of the claims, then you would have necessarily to come to the conclusion that the plaintiff has not established that the shipowner was negligent, or the ship unseaworthy, and you would then render your verdict for the defendant." (Emphasis supplied).

At the conclusion of the charge, the court asked counsel to approach the bench and state their exceptions. The attorney

for the plaintiff expressed the objection that we had made the plaintiff's burden of proof heavier than required. In order to clarify the point, the court then recharged as follows:

"The burden of proof is upon the plaintiff in this regard. He must satisfy you by a fair preponderance of the evidence that the shipowner was negligent or the ship unseaworthy, and that such negligence or unseaworthiness caused his accident.

"*By a fair preponderance of the evidence is meant that if you hesitate or are doubtful as to whether your verdict should be in favor of the plaintiff* —that is, if the scales under the weight of the testimony do not go down definitely to one side or the other, or are even or are equally in balance, the plaintiff has failed to satisfy you by a fair preponderance of the evidence that his contentions are correct.

"To look at it another way, fair preponderance means nothing more than the fair weight of the evidence. In other words, you weigh the testimony and the evidence in favor of the plaintiff's contentions, and you also weigh the evidence and testimony against his contentions, and if in your opinion you feel that the fair weight of this evidence leans toward the plaintiff on either the negligence claim or the unseaworthiness claim, or on both, then he has sustained his burden, and you would then find for the plaintiff; but if you find from your consideration of all the evidence that the weight is in favor of the defendant on both of these claims, or that there is an equal balance on them both, then you would necessarily have to come to the conclusion that the plaintiff has not established that the shipowner was negligent or the ship unseaworthy, and you would then render your verdict for the defendant." (Emphasis supplied)

The plaintiff's argument focuses on the phrase "By a fair preponderance of the evidence is meant that if you hesitate or are doubtful as to whether your verdict should be in favor of the plaintiff, then the plaintiff has failed to satisfy you by a fair preponderance of the evidence that his contentions are correct." Plaintiff contends that we were instructing the jury in effect that the plaintiff had the burden of proof beyond all doubt or hesitancy.

■ The plaintiff overlooks the remainder of the charge and the recharge. The court emphasized the traditional metaphor about the weight of the evidence, stating that if the evidence leans toward the plaintiff, the jury must return a verdict in his favor. By looking at the charge as a whole, we cannot believe that the jury was given an improper standard.

In addition, we do not consider it to be error to state that the decision of the jury must be for the defendant if it was hesitant or doubtful about returning a verdict for the plaintiff. Judge Maris carefully covered this point in Burch v. Reading Company, 240 F.2d 574 (3d Cir. 1957). There, the lower court had stated in its charge at p. 577:

"It is her [plaintiff's] burden to convince you that there was this negligence, Also, if the question of whether or not such negligence was a factor in causing the injury is so evenly balanced in your mind that you have no conviction, then you must find for the defendant."

"The evidence must do more than raise a doubt in your mind on these points, if plaintiff is to sustain the burden. If there is just a doubt in your mind, you must bring in a verdict for the defendant, and that ends your consideration of the case."

■ The Court of Appeals affirmed the charge. The Opinion carefully distinguished between the jury's fact finding process and their ultimate decision or verdict. While the jury, to find specific facts in behalf of the plaintiff, does not have to be convinced of their truth beyond doubt, it must be convinced that the evidence as a whole preponderates in favor of the plaintiff before it may

return a verdict in his behalf. In other words, the jury must be convinced that the evidence produced in favor of the plaintiff, taken in its entirety, is more probably credible or true than the evidence produced on behalf of the defendant. A jury that hesitates as to whether the weight of the evidence leans toward the plaintiff and therefore hesitates as to whether a verdict should be returned for the plaintiff, may not find in his favor.

We believe our charge was in conformity with Burch v. Reading Company, supra. We simply stated that the jury before returning a verdict for the plaintiff could have no doubt about the weight of the evidence favoring him. We never intimated that to find facts helpful to the plaintiff the jury had to accept them without any doubt or reservation.

The plaintiff's motion for a new trial will be denied.