MARVIN, Judge.
Plaintiff appeals from the rejection of his demands under FELA (45 U.S.C. § 51 et seq.) for injuries allegedly sustained while in the employ of the railroad. We affirm.
FELA imposes liability on the railroad for an injury to an employee “ . resulting in whole or in part from the negligence of any of the officers, agents, or employees of [the railroad]” 45 U.S.C. § 51. Suit was originally filed in the federal court (U.S.D.C., E.D., Tex.) and was transferred to the Western District of Louisiana where it was eventually dismissed without prejudice. Plaintiff then brought suit in Bossier Parish where the injury allegedly occurred on November 30, 1970.
In summary, plaintiff claimed to have injured his back while manually moving cross-ties when he stepped into a hole in the ground. Plaintiff continued to work on that day and for about four months afterward until he terminated his employment in April, 1971. About two months later, he saw a general practitioner M.D. but gave him no history of the alleged incident. In August, 1971, he saw an orthopedist and related to this doctor a history of the incident.
Those railroad employees who were with plaintiff on November 30, 1970, affirmatively testified that plaintiff made no complaints then or afterward about having sus *1069 tained any injury of any type. Plaintiff’s last day of work was as an open laborer for one day in Baton Rouge. His Baton Rouge foreman testified that plaintiff made no reference to any back injury but simply told the foreman that he was quitting his job because the work was too hard.
Under these circumstances, the lower court did not err in rejecting plaintiff’s demands. Plaintiff did not prove that he sustained an injury while in the railroad’s employ. Even should we have found otherwise, it is not shown that the assumed injury resulted from any negligence, in whole or in part, of the railroad. According to plaintiff, the alleged hole was a six-inch indentation in the ground some 40 feet away from the railroad track. Even should we assume the existence of the hole, it is not shown that it presented an unreasonable risk to plaintiff. See Burch v. Reading Co., 240 F.2d 574 (3rd Cir. 1957); Frizzell v. Wabash Ry. Co., 199 F.2d 153 (8th Cir. 1952) cert. denied. FELA does not impose liability without fault. Burch, supra.
For reasons assigned by the lower court and summarized here, at the cost of appellant, judgment is
AFFIRMED.