Pittsburgh, Appellant, *v.* Pennsylvania Public Utility Commission.

Argued April 25, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Anne X. Alpern,* City Solicitor, with her *Leon Wald* and *Genevieve Blatt,* Assistant City Solicitors, for appellant.

*Anne X. Alpern,* for Harry J. Keller et al., intervening appellants.

*Samuel Graff Miller,* with him *James H. Duff,* Attorney General, and *Harold A. Scragg,* for appellee.

OPINION BY BALDRIGE, P. J., July 19, 1945:

The City of Pittsburgh petitioned the Pennsylvania Public Utility Commission to issue an order or ruling authorizing the Pittsburgh Railways Company and several local bus companies operating public conveyances within its territorial limits, to allow all members of the armed forces of the United States, when in uniform, to ride free of charge on all their conveyances, for the duration of the present war. The commission, after due consideration, dismissed the petition in an order stating that the reason for its action was that if the authorization was approved it would constitute a discriminatory practice, forbidden by both our constitutional (§8, Art. XVII) and statutory (Act of June 15, 1874, P. L. 289, 67 PS §680) laws.

The commission filed a motion to quash an appeal taken by the city on the ground that (1) the city was

not a party affected by the order within section 1101 of our Public Utility Law approved May 28, 1937, P. L. 1053, 66 PS §1431, and (2) the issue raised by the appeal is moot as the record shows that the transit companies involved have expressed disinclination to grant the privilege sought and that if the order was granted as prayed for, free transportation would not be furnished. After this motion to quash was filed Seaman Harry J. Keller, a member of the United States Navy, and a resident and employe of the City of Pittsburgh prior to, and at the time of, his induction into the Navy, on behalf of himself and all other members of the armed forces of the United States, filed a petition with this court to intervene on appeal. The prayer of the petitioner was granted and we allowed the case to be argued on the merits, reserving our decision on the motion to quash.

The commission, created by statutory law, derives its authority from legislative action: *West Penn Railways Company v. Pa. P. U. C.,* 135 Pa. Superior Ct. 89, 99, 4 A. 2d 545. Its powers are confined to those expressly granted, or which may be necessary and proper to carry out those specifically declared. Article X of our Public Utility Law of 1937, P. L. 1053, provides for the procedure to be followed before the commission. Under sections 1001 et seq. of that article, the initial step to be taken by any person or corporation having an interest in an issue sought to be determined by the commission is to "complain in writing setting forth any act or thing done or omitted to be done by any public utility in violation, or claimed violation of any law which the commission has jurisdiction to administer or any regulation or order of the commission." A copy of the complaint must then be served upon such person, corporation, etc., against whom the proceeding is instituted accompanied by notice from the commission to satisfy the complaint or answer the same in writing within a reasonable time. A notice of a hearing is required also to be served upon the parties in interest, unless the complaint is dismissed

without a hearing, which may be done under certain circumstances. No claim whatever is made of a compliance with the above mandatory requirements of the statute.

An order from which an appeal to this court may be taken is one that has been issued by the commission after its jurisdiction has been legally invoked. This original petition cannot be viewed as a complaint, nor the order an exercise of the commission's judicial powers. The petition is merely a formal request for an administrative ruling or interpretive opinion reflecting the commission's official attitude concerning the subject of the petitioner's inquiry. There is no express provision in our Public Utility Law authorizing the commission to issue administrative rulings or interpretive opinions. It is true that practice has been adopted by some of the Federal Administrative Agencies on the theory that they have implied power, in the absence of statutory authorization: 42 Am. Jur., Public Administrative Law, §77. We have no doubt that our commission has authority to give an interpretation of its own rules and regulations that have been promulgated, but the petitioner does not allege that it seeks the construction of an adopted rule or regulation. It was in fact informed of the commission's construction of the law in the order filed dismissing the petition; this was not a necessity and of itself does not give us power to hear this appeal. It will be noted that the petitioner is not a public utility seeking authority to grant free transportation; it is the City of Pittsburgh that originally asked for the order. We find nothing in our Public Utility Law that evinces an intention by the legislature that the commission may in its discretion issue an order permitting free rides. Assuming it entered such an order, it could not compel its execution. In such circumstances the commission cannot be charged with failure to exercise reasonable discertion in not making an unenforceable order.

Notwithstanding there may be a strong desire to extend all considerations and courtesies possible to mem-

bers of our armed forces, commissions and courts must act within, and cannot exceed, their jurisdiction. They are not justified in indulging their generous impulses by ordering either corporations or individuals to permit the free use of their property by those whom perchance the members of commissions or courts would like to favor. The refusal to enter this non-judicial order the city requested is not appealable to this court.

Appeal is dismissed.