IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Margaret Collins,                        :
                          Petitioner    :
                                         :
            v.                           : No. 1472 C.D. 2019
                                         : Submitted: June 19, 2020
Pennsylvania Public                      :
Utility Commission,                      :
                          Respondent    :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE J. ANDREW CROMPTON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CROMPTON                      FILED:  September 17, 2020


            Margaret Collins (Petitioner) petitions for review of an order of the
Pennsylvania Public Utility Commission (Commission) denying Petitioner's
Exceptions to the Initial Decision (Exceptions).  Petitioner filed the Exceptions in
response to the Commission finding that Petitioner failed to meet her burden of
proving any violation of a Commission rule, regulation, or order, or any entitlement
to relief.  On appeal to this Court, Petitioner argues that errors of law were committed
by the Commission for: failing to hold Pennsylvania American Water Company
(PAWC)[1] accountable for billing and collecting deceptive amounts; incorrectly
determining that the statute of limitations barred Petitioner's claim in regard to a
water service termination that occurred in 2001; and incorrectly determining that the
Commission does not have jurisdiction to remove municipal liens from Petitioner's

_____

            [1] PAWC, a party below, has intervened in this matter and, accordingly, filed a brief with
this Court.

property. Petitioner also alleges that her due process rights were violated when the Commission held an evidentiary hearing telephonically, rather than in person. Discerning no error below, we affirm.

## I.     Background

Petitioner received wastewater service from Scranton Sewer Authority (SSA) for an extended period of time until December 2016 when SSA was acquired by PAWC. Commission's Br. at 7. PAWC did not acquire any liabilities or liens from SSA through this acquisition. *Id.* at 8. Beginning in 2001, PAWC has served as Petitioner's water service provider. *Id.* at 7-8.

On February 11, 2001, SSA placed a municipal lien on Petitioner's property in the amount of $3,242.92 for nonpayment of wastewater service charges on her account. *Id.* at 8. In August 2001, PAWC terminated Petitioner's water service based on an agreement with SSA pursuant to Section 502 of the Water Services Act, Act of April 16, 2006, P.L. 85, 53 P.S. §3102.502.[2] Following the shutoff, Petitioner paid $2,250 in outstanding wastewater bills to SSA at which time her water service was reconnected by PAWC. Commission's Br. at 8. Petitioner

---

[2] Section 502(a)(1) reads:

> If the owner or occupant of a premises served by a water utility neglects or fails to pay, for a period of 30 days from the due date, a rental, rate or charge for sewer, sewerage or sewage treatment service imposed by a municipality or municipal authority, the water utility shall, at the request and direction of the municipality, the authority or a city, borough or township to which the authority has assigned its claim or lien, shut off the supply of water to the premises until all overdue rentals, rates, charges and associated penalties and interest are paid.

53 P.S. §3102.502(a)(1).

sought reimbursement of the outstanding bills paid to SSA from PAWC for the termination of her water service. Supplemental Reproduced Record (S.R.R.) at 33b. Additionally, Petitioner sought to hold PAWC responsible for the removal or reimbursement of the lien with interest. S.R.R. at 37b.

In December 2016, following its acquisition of SSA, PAWC began providing Petitioner wastewater service in addition to water service. S.R.R. at 66b-7b. When PAWC acquired SSA, migration balances from customers' outstanding balances transferred to PAWC. As a result, Petitioner's balance with PAWC as of December 2016, reflected an outstanding balance of $325.67. Petitioner protested this balance, and in response, PAWC credited the entirety of the migration balance to Petitioner's account, eliminating the SSA balance on her PAWC account. S.R.R. at 68b.

Petitioner sought, and continues to seek, to hold PAWC responsible for the removal or reimbursement of the municipal lien, with interest, that was placed on her property by SSA. S.R.R. at 37b. On May 4, 2017, Petitioner filed an Informal Complaint with the Commission's Bureau of Consumer Services (BCS) alleging incorrect charges on her wastewater bill issued by PAWC. Commission's Br. at 5. The Commission dismissed the Informal Complaint on August 10, 2017, concluding that portions of the Complaint were outside of the Commission's jurisdiction. *Id.*

Petitioner filed a Formal Complaint with the Commission on September 27, 2017. *Id.* Petitioner again asserted that PAWC had included incorrect charges on her wastewater bill and disputed liens previously imposed by SSA on her

3

property. *Id.* Petitioner requested that PAWC: reimburse all liens with interest, remove all liens; and clear her account dating back to 1978. *Id.*

An administrative law judge (ALJ) conducted an evidentiary hearing via telephone on July 2, 2018. *Id.* On December 12, 2018, the ALJ issued an Initial Decision and dismissed Petitioner's Formal Complaint for failure to meet her burden of proving any violation of a Commission rule, regulation, or order, or any entitlement to relief. *Id.* at 6. Petitioner filed Exceptions on December 31, 2018. *Id.* On August 29, 2019, the Commission entered an Opinion and Order denying Petitioner's Exceptions and adopting the ALJ's Initial Decision. *Id.* Petitioner now petitions this Court for review.

## II. Discussion

Before this Court, Petitioner argues that the Commission abused its discretion and committed errors of law regarding jurisdiction, due process,[3] consumer protection, time-barred issues,[4] and unfair billing trade practices and debit

---

[3] Petitioner asserts that her due process rights were violated by the ALJ's use of a telephonic evidentiary hearing rather than an in-person hearing on July 2, 2018. "[A]t no time during the proceeding did [Petitioner] object to the hearing taking place telephonically rather than in person." Pennsylvania Public Utility Commission Order, 08/29/2019, at 16. Petitioner raised this issue for the first time in her Exceptions. "A court will only consider a question on appeal that was raised before the Commission." *Wheeling & Lake Erie Ry. Co. v. Pa. Pub. Util. Comm'n*, 778 A.2d 785, 795 (Pa. Cmwlth. 2001). As Petitioner did not raise this issue in a timely manner, we do not consider the merits of Petitioner's due process claims.

[4] Petitioner also asserts that the Commission erred in finding that her claims are barred due to the statute of limitations. Petitioner argues that in barring her claims, the Commission acted contrary to the doctrine of equitable estoppel. Petitioner raises the issue of equitable estoppel for the first time on appeal to this Court. As Petitioner did not raise this issue in a timely manner, we

4

collection by PAWC. It is Petitioner's opinion that the Commission did not abide by its own regulations when evaluating her Exceptions. Further, Petitioner challenges the Commission's denial of the Exceptions as not supported by substantial evidence.

## A. PAWC: Deceptive Billing and Collection

Petitioner asserts that the Commission abused its discretion and committed errors of law when it determined that PAWC was not engaged in deceptive billing and collection practices. Petitioner particularly disputes the migration balances assigned to her account, which she alleges were in the amounts of $325.67 and $1,336.14. Petitioner argues that the Commission denied her Exceptions regarding billing in violation of Sections 1401-1419 of the Public Utility Code, 66 Pa. C.S. §§1401-1419, and the Commission's regulations at 52 Pa. Code §56.1(a).[5]

---

do not consider the merits of Petitioner's equitable estoppel claims. *See Wheeling*, 778 A.2d at 795.

[5] 52 Pa. Code §56.1(a) reads:
> (a) This chapter establishes and enforces uniform, fair and equitable residential public utility service standards governing eligibility criteria, credit and deposit practices, and account billing, termination and customer complaint procedures. This chapter assures adequate provision of residential public utility service, to restrict unreasonable termination of or refusal to provide that service and to provide functional alternatives to termination or refusal to provide that service while eliminating opportunities for customers capable of paying to avoid the timely payment of public utility bills and protecting against rate increases for timely paying customers resulting from other customers' delinquencies. Public utilities shall utilize the procedures in this chapter to effectively manage customer accounts to prevent the accumulation of large, unmanageable arrearages. Every privilege conferred or duty required under this chapter imposes an

Section 701 of the Public Utility Code, 66 Pa. C.S. §701, provides that:

> any person . . . having an interest in the subject matter, or the public utility concerned, may complain in writing, setting forth any act or thing done or omitted to be done by any public utility in violation, or claimed violation, of any law which the [C]ommission has jurisdiction to administer, or of any regulation or order of the [C]ommission. . . .

66 Pa. C.S. §701. Further, under Section 332(a) of the Public Utility Code, 66 Pa. C.S. §332(a), "the proponent of a rule or order has the burden of proof." 66 Pa. C.S. §332(a). In the present case, Petitioner bears the burden of proof to show that PAWC engaged in deceptive billing and collection practices. *See id.*

"'Burden of proof' is a duty to establish a fact by a 'preponderance of the evidence.' The term 'preponderance of the evidence' means that one party has presented evidence which is more convincing, by even the smallest amount, than the evidence presented by the other party." ALJ Initial Decision, 12/03/2018, at 6 (citing *Se-Ling Hosiery, Inc. v. Margulies*, 70 A.2d 854 (Pa. 1950)); S.R.R. at 92b. The Commission determined that Petitioner failed to present any evidence that PAWC violated the Public Utility Code or the Commission's regulations or orders. S.R.R. at 96b.

Petitioner generally asserts the existence of incorrect charges on her water and/or sewage bill and that payments she made in excess of $2,315.90 were not credited to her account. S.R.R. at 93b. Petitioner does not dispute any charges from PAWC for water service that it has provided to Petitioner. ALJ Initial

---

obligation of good faith, honesty and fair dealing in its performance and enforcement. This chapter will be liberally construed to fulfill its purpose and policy and to insure justice for all concerned.

Decision, 12/03/2018, Findings of Fact (F.F.) No. 19. Following PAWC's acquisition of SSA in December 2016, a migration balance of $325.67 was transferred from Petitioner's SSA account to Petitioner's PAWC account. F.F. No. 5. As a courtesy, following Petitioner's complaint regarding this charge, PAWC credited Petitioner's account with the full amount of the transfer. F.F. No. 6.

However, Petitioner continues to assert that PAWC is engaged in deceptive billing and collection practices. Petitioner cites an account history report provided by PAWC at Petitioner's request as evidence of PAWC's deceptive practices. The account history report, dated March 2017, indicated an outstanding balance of $1,336.14. F.F. No. 14. The information included on this report was received by PAWC, from SSA, following the acquisition of SSA by PAWC. F.F. No. 15. PAWC did not issue any bills on behalf of SSA for wastewater services prior to its acquisition of SSA, and PAWC does not claim that Petitioner owes PAWC the $1,336.14 balance in question. F.F. Nos. 9, 16. Further, while PAWC purchased SSA's assets, it did not purchase any liabilities or liens from SSA. F.F. No. 4.

Absent proof by a preponderance of the evidence that PAWC violated the provisions of 66 Pa. C.S. §1501,[6] the Commission has no authority to require any

---

[6] Petitioner did not raise the issue of PAWC's violation of 66 Pa. C.S. §1501 before the ALJ. However, as the ALJ determined that a violation of this provision would provide the only opportunity to compel action by PAWC, Petitioner's claim was analyzed according to the requirements outlined in 66 Pa. C.S. §1501.

66 Pa. C.S. §1501 reads:

action by PAWC. ALJ Initial Decision, 12/03/2018, at 9 (citing *West Penn Power Co. v. Pa. Pub. Util. Comm'n*, 478 A.2d 947 (Pa. Cmwlth. 1984)). In determining whether PAWC violated the provisions of 66 Pa.C.S. §1501, it must be understood that what is required is adequate, efficient, safe, and reasonable service and facilities, not "perfect service." ALJ Initial Decision, 12/03/2018, at 9-10 (citing Pa. P.U.C. *Manuel A. Biason v. Metro. Edison Co.*, No. C-00004450, filed December 19, 2001)).

"Mere bald assertions . . . do not constitute evidence." *Mid-Atl. Power Supply Ass'n v. Pa. Pub. Util. Comm'n*, 746 A.2d 1196, 1200 (Pa. Cmwlth. 2000). While Petitioner avers that there were incorrect charges from PAWC on her bill, the record indicates otherwise. Petitioner's PAWC account statement from the period, from January 2015 through 2018, reflects an initial migration balance in the amount of $352.67, an amount that was discharged by PAWC. S.R.R. at 65b, 68b. The only

Every public utility shall furnish and maintain adequate, efficient, safe, and reasonable service and facilities, and shall make all such repairs, changes, alterations, substitutions, extensions, and improvements in or to such service and facilities as shall be necessary or proper for the accommodation, convenience, and safety of its patrons, employees, and the public. Such service also shall be reasonably continuous and without unreasonable interruptions or delay. Such service and facilities shall be in conformity with the regulations and orders of the commission. Subject to the provisions of this part and the regulations or orders of the commission, every public utility may have reasonable rules and regulations governing the conditions under which it shall be required to render service. Any public utility service being furnished or rendered by a municipal corporation beyond its corporate limits shall be subject to regulation and control by the commission as to service and extensions, with the same force and in like manner as if such service were rendered by a public utility. The commission shall have sole and exclusive jurisdiction to promulgate rules and regulations for the allocation of natural or artificial gas supply by a public utility.

8

outstanding charge on Petitioner's PAWC account, as reflected on the account statement, was for current water charges from PAWC in the amount of $23.23. S.R.R. at 70-71b. However, Petitioner is not disputing any charges from PAWC for water service. F.F. No. 19.

The ALJ found that Petitioner failed to present evidence at the hearing of any incorrect charges on her billing statements provided by PAWC. ALJ Initial Decision, 12/03/2018, at 10. Further, Petitioner did not present any credible evidence to establish that PAWC improperly transferred any account balance from SSA to Petitioner's account with PAWC. *Id.* According to the ALJ, "[t]he evidence and testimony presented by [Petitioner] demonstrate that her complaint relates, at least in part, to a dispute with [SSA] over wastewater charges from the early 2000's [sic]. . . ." *Id.* Therefore, the ALJ found that Petitioner failed to meet her burden of proving any violation of a Commission rule, regulation or order or any entitlement to relief.

The scope of review on appeal from an adjudication by the Commission is limited to determining whether: 1) a constitutional violation or error in procedure occurred; 2) the decision is in accordance with the law; and 3) the necessary findings of fact are supported by substantial evidence. *PECO Energy Co. v. Pa. Pub. Util. Comm'n*, 791 A.2d 1155, 1160 (Pa. 2002). The Commission's administrative expertise includes the interpretation of its own regulations and governing statutes. *Aronson v. Pa. Pub. Util. Comm'n*, 740 A.2d 1208, 1211 (Pa. Cmwlth. 1999). This Court will not substitute its own judgment for that of the Commission when substantial evidence supports the Commission's decision on a matter within the

9

Commission's expertise. *Retail Energy Supply Ass'n v. Pa. Pub. Util. Comm'n*, 185 A.3d 1206, 1220 (Pa. Cmwlth. 2018).

The Commission did not commit an error of law or abuse its discretion in finding that Petitioner did not meet her burden of proof to demonstrate that PAWC is engaged in deceptive billing and collection practices. The record supports the contrary, providing an account statement that is not disputed by Petitioner. The Commission was acting within its discretion when it found Petitioner presented assertions unsupported by evidence.

### B. Time-Barred Claims

Petitioner also challenges the finding of the Commission that the statute of limitations bars Petitioner's claim for relief. While the Commission denied Petitioner's Exceptions and adopted the ALJ's Initial Decision due to a lack of substantial evidence, the Commission also found that Petitioner did not raise a claim for which relief can be granted on procedural grounds. The ALJ found that even if Petitioner had presented substantial evidence to support her claim of deceptive

billing and collection against PAWC, this claim is barred by the statute of limitations under 66 Pa.C.S. §§1312(a)[7] & 3314(a).[8]

Petitioner disputes charges and fees associated with wastewater services provided to her by SSA in "2000 and beyond." Pet'r's Br. at 5. At the ALJ hearing, Petitioner contended that her water service was terminated in 2000 and 2001 by or on behalf of SSA for failure to pay a water or sewage bill. ALJ Initial Decision, 12/03/2018, at 7. Following this termination, Petitioner paid $2,250 to reconnect her water service. *Id.*

---

[7] 66 Pa. C.S. §1312(a) reads:

> If, in any proceeding involving rates, the commission shall determine that any rate received by a public utility was unjust or unreasonable, or was in violation of any regulation or order of the commission, or was in excess of the applicable rate contained in an existing and effective tariff of such public utility, the commission shall have the power and authority to make an order requiring the public utility to refund the amount of any excess paid by any patron, in consequence of such unlawful collection, within four years prior to the date of the filing of the complaint, together with interest at the legal rate from the date of each such excessive payment. In making a determination under this section, the commission need not find that the rate complained of was extortionate or oppressive. Any order of the commission awarding a refund shall be made for and on behalf of all patrons subject to the same rate of the public utility. The commission shall state in any refund order the exact amount to be paid, the reasonable time within which payment shall be made, and shall make findings upon pertinent questions of fact.

[8] 66 Pa. C.S. §3314(a) reads:

> No action for the recovery of any penalties or forfeitures incurred under the provisions of this part, and no prosecutions on account of any matter or thing mentioned in this part, shall be maintained unless brought within three years from the date at which the liability therefor arose, except as otherwise provided in this part.

11

Petitioner contacted PAWC in March 2017, to inquire about the calculation of her sewer bill. *Id.* At this time, PAWC provided Petitioner with an account history report with a balance of $1,336.14. *Id.* This information was provided by SSA to PAWC. *Id.* Petitioner filed an Informal Complaint against PAWC on May 4, 2017. Commission's Br. at 5.

Under 66 Pa.C.S. §1312(a), if an individual pays an amount in excess of what is owed to a public utility, she has four years to file a complaint to seek an order from the Commission requiring a refund of excess payments. Additionally, 66 Pa.C.S. §3314(a) provides that recovery under the Public Utility Code, where a time frame is not specified, cannot be sought after three years. In the present case, the Commission found that Petitioner exceeded both the three-year and four-year statutes of limitations provided in the Public Utility Code.

The Commission found that Petitioner's allegations fall outside of the statute of limitations period set forth in the Public Utility Code. S.S.R. at 115-16b. Therefore, the allegations fall outside the Commission's jurisdiction. *Id.* To the extent that Petitioner complains about the actions of PAWC in 2001, the ALJ found that Petitioner's claim is barred by the statute of limitations. *Id.* Referencing PAWC's involvement in Petitioner's August 24, 2001 water shutoff, even if Petitioner challenged the agreement with SSA pursuant to Section 502 of the Water Services Act, 53 P.S. §3102.502, this event occurred more than three years prior to May 4, 2017. *Id.*

The Court defers to the Commission's interpretation of the Public Utility Code and Commission regulations unless those interpretations are "clearly erroneous." *Retail Energy Supply Ass'n*, 185 A.3d at 1220. The Commission's finding that Petitioner's claims are barred by the statute of limitations is supported by the record. Petitioner brought a claim against PAWC approximately 16 years following the events in question. The Commission did not abuse its discretion or commit an error of law in finding Petitioner's claims time-barred.

## C. Municipal Lien

Petitioner argues that the Commission committed an error of law when it found that it lacked jurisdiction to remove a municipal lien from Petitioner's property. In 2001, SSA placed a municipal lien on Petitioner's property in the amount of $3,242.92 for nonpayment of wastewater service charges on her account. F.F. No. 24. Petitioner contends that PAWC should be responsible for removing the lien on her property and paying the interest that has accumulated on the lien. F.F. No. 25. The Commission found that regardless of whether PAWC is responsible for removing the lien, the Commission lacks the authority to adjudicate municipal liens pursuant to the act commonly known as the Municipal Claims and Tax Liens Act.[9] Conclusions of Law No. 5.

The Commission must act within, and cannot exceed, its statutorily granted jurisdiction. *City of Pittsburgh v. Pa. Pub. Util. Comm'n*, 43 A.2d 348 (Pa. Super. 1945). The Commission argues that it lacks jurisdiction over municipal liens imposed and that jurisdiction of municipal liens placed upon a property are under

---

[9] Act of May 16, 1923, P.L. 207, *as amended*, 53 P.S. §§7101-7455.

the jurisdiction of the requisite court of common pleas. Commission's Br. at 21. In support of this assertion, the Commission cites many of its opinions, including *Jacqueline Stevens v. Philadelphia Gas Works*, (Pa. P.U.C. Dkt. No. C-2015-2472728, filed July 30, 2015), and explains that the Commission has regularly recognized that it does not have subject matter jurisdiction to address municipal liens. *Id.*

Petitioner brings the present case against PAWC and would have this Court impose liability on PAWC to remove the municipal lien against Petitioner's property. However, Petitioner fails to acknowledge that the municipal lien on her property was a result of actions by SSA, not PAWC. PAWC does not own or assert any liens on Petitioner's property. F.F. No. 8. PAWC also did not purchase any liabilities or liens from SSA as a result of the acquisition. F.F. No. 4. Further, PAWC did not assume any of the liens that SSA imposed on customers for past delinquent accounts. F.F. No. 7.

While the Commission found that it lacked jurisdiction over municipal liens pursuant to the Municipal Claims and Tax Liens Act, Petitioner argues that PAWC not only has the ability, but also the responsibility, to remove the municipal lien from her property. The Commission found that the record does not support PAWC's ownership of the municipal lien. Although the current ownership of SSA's liens is unknown to this Court, substantial evidence supports the Commission's finding that it does not have jurisdiction to compel PAWC to act regarding a municipal lien not within PAWC's ownership.

14

### III. Conclusion

The Commission did not abuse its discretion or commit an error of law in finding that Petitioner did not meet her burden of proof to show that PAWC engaged in deceptive billing and collection practices. The Commission also appropriately determined that Petitioner's claim against PAWC, for events that occurred in 2001, is time-barred by the statute of limitations outlined in the Public Utility Code. Finally, the Commission did not err in declining to require PAWC to act in regards to SSA's municipal lien on Petitioner's property. For the foregoing reasons, we affirm the order of the Commission.

_____
J. ANDREW CROMPTON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Margaret Collins,                          :
                    Petitioner             :
                                           :
          v.                               : No. 1472 C.D. 2019
                                           :
Pennsylvania Public                        :
Utility Commission,                        :
                    Respondent             :

## **O R D E R**

     **AND NOW**, this 17th day September 2020, we **AFFIRM** the Order of

the Pennsylvania Public Utility Commission.

 

 

_____

     J. ANDREW CROMPTON, Judge